LEWIS M. SMITH et al., Respondents, *v.* WILLIAM ERWIN, Impleaded, etc., Appellant.

The holder of a promissory note owes an accommodation indorser no active duty to secure or protect his interests.

To obtain the lien upon the personal property of a judgment debtor given by the statute (2 R. S., 366, § 13; Code of Civil Procedure, § 1405), from the time an execution is delivered to a sheriff "to be executed," it is not sufficient merely to place an execution in the hands of the sheriff.

Where an execution is delivered with directions to do nothing but to hold it for further orders, while thus held the sheriff is the agent of plaintiff, the execution is dormant, and no lien upon the property of the debtor is acquired thereby.

This action was upon a promissory note made by defendant W., and indorsed for his accommodation by defendant E. Judgment was entered against W. by default; execution issued and delivered to the sheriff with directions not to act upon it or make any levy until further orders. During the life of the execution W. had in his open and visible possession personal property sufficient to satisfy it. When plaintiff directed a levy no property could be found. *Held,* that no lien was acquired upon the property of W by the issuing of the execution; that plaintiffs were under no obligation to E. to secure such a lien; and that therefore the facts constituted no defense as to E.

W. transferred his personal property to E., receiving therefor a mortgage upon real estate; this W. proposed that plaintiffs should take in satisfaction of the execution, paying him the balance in money. Plaintiffs declined, but offered to take an assignment, try and sell it, and apply the proceeds, paying the balance to W.; and the mortgage was assigned to them for that purpose. Plaintiffs did not try to sell, but claimed to apply the mortgage upon another debt against W., who refused to assent to it, and upon plaintiff's refusal to re-assign executed a satisfaction thereof to E. Plaintiffs brought suit to foreclose the mortgage. E. defended, and succeeded on the ground plaintiffs did not own the mortgage. *Held,* that these facts furnished no defense to E. in this action.

(Argued May 26, 1879; decided June 3, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, in favor of plaintiffs against defendant Erwin, entered upon an order denying a motion for a new trial, and directing judgment upon a verdict.

The nature of the action and the facts are set forth sufficiently in the opinion.

*E. Countryman*, for appellant. Plaintiffs released and discharged the defendant Erwin from all liability by their own acts in relation to the execution. (1 Throop's Verbal Agreements, 27; R. S., part 3, chap. 6, tit. 5, art. 2, § 13; art. 1, § 10; New Code, § 1405; *Eaton* v. *Southly*, Willes' R., 131; *Lombart* v. *Paulding*, 18 J. R., 311, 315; *Beals* v. *Allen*, id., 363, 367; *Ray* v. *Birdseye*, 5 Pen., 619, 625; *Camp* v. *Chamberlain*, id., 198, 205; *Hale* v. *Sweet*, 40 N. Y., 97, 100, 103; *Hathaway* v. *Howell*, 54 id., 97; *Stewart* v. *Beale*, 7 Hun, 405, 412; *Cook* v. *Barr*, 44 N. Y. 157; *Smith* & *Hall* v. *Smith*, 60 id., 161; vol. 440, Cases in Ct. App., No. 1207–15.) Any affirmative act of the creditor, by which he releases a security of the principal debtor or lien upon his property, out of which he might have collected the debt, will discharge the surety. (Fell's Guaranties and Suretyship, 25; De Collyar on Guaran., etc., 438–439; Brandt on Sure. and Guar., chaps. 17–18, §§ 370, 382; *Rees* v. *Barrington*, 2 Ves. Jr., 540, 544; *English* v. *Daily*, 3 Esp., 49, 50; *Mayhew* v. *Crickett*, 2 Swanst., 191; *Williams* v. *Price*, 1 Sims & St., 582, 587; *Capel* v. *Butler*, 2 id., 581; *Hodges* v. *Shaw*, 3 Mylne & K., 183, 190; *Strange* v. *Fooks*, 4 Giff., 408, 412; *Wulff* v. *Jay*, 7 Q. B. Law R., 756, 765; *Baker* v. *Briggs*, 8 Pirk., 122, 123; *Comm.* v. *Miller's Adm'sr*, 8 Sarg. & Rawle., 452; *Richards* v. *Comm.*, 40 Pa. St., 146, 149; *Springer* v. *Toothacher*, 43 Maine, 381; *New Hamp. Sav'gs B'k* v. *Colcord*, 15 N. H., 119; *Smith* v. *Day*, 23 Vt., 656; *Robeson* v. *Roberts*, 20 Ind. 155; *Glass* v. *Thompson & Co.*, 9 B. Monroe [Ky.], 235; *Hayes* v. *Ward*, 4 J. Ch., 123, 130.) Whatever will in equity discharge a surety on a simple contract may be pleaded as a defense to an action at law. (*Sailly* v. *Elmore*, 2 Paige, 497, 499; *Minturn* v. *F. L. T. Co.*, 3 N. Y., 500.) In this State equity protects the relations and rights of sureties after as well as before judgment, and the same rule extends to courts of law. (*La Farge* v. *Hester*, 11 Barb., 159; S. C., 9 N. Y., 241.) The appellant, as surety, was released from liability by the acts and omissions of the plain-

tiff, Hall, in relation to the bond and mortgage. (*Bates City Bank* v. *Young*, 43 N. H., 457; *Hurd* v. *Spencer*, 40 Vt., 581; *Hayes* v. *Ward*, 4 J. Ch., 123–130.) The pretended levy of the execution on the 21st day of August, 1869, was of no validity. (*Hathaway* v. *Howell*, 54 N. Y., 97.)

*J. McGuire*, for respondents. The goods and chattels of the judgment debtor were bound by the execution from the time of its delivery to the officer. (2 R. S., 365, § 13; *Botts* v. *Wells*, 29 N. Y., 472; *Hale* v. *Sweet*, 40 id., 98.) This lien continued only during the life of the execution, sixty days. (*Smith* v. *Smith*, 60 N. Y., 161; *Hathaway* v. *Howell*, 54 id., 97.) When plaintiffs directed the sheriff not to levy on the property of the debtor and thus prevented him from preserving the lien of the execution, and lost the right to enforce its collection after it had been fully secured by the delivery to the officer, they discharged the defendant as surety by their own act. (*Glass* v. *Thompson*, 9 B. Monroe [Ky.], 235; *Ferguson* v. *Turner*, 7 Mo., 497; *Rice* v. *Morton*, 19 id., 263; *Robeson* v. *Roberts*, 20 Ind., 155, 158; *Williams* v. *Price*, 1 Sm., & Stu., 581; *Ex parte Muir*, 2 Coxe, 63; *Dills* v. *Cecil*, 4 Bush. [Ky.], 579.) A party may issue an execution, and at the time of delivery to the sheriff may fix a future day at which it shall become operative as an execution. (*Walters* v. *Sykes*, 22 Wend., 566; *Corning* v. *Sutherland*, 3 Hill, 552.) In such a case the sheriff is the agent of the party delivering *pro hac vice*. (*Armstrong* v. *Garrow*, 6 Cow., 465; *Gorham* v. *Gale*, 7 id., 739; *Root* v. *Wagner*, 30 N. Y., 17.) The writ in such case is not received in his capacity of sheriff, but as an individual, a mere agent; his duty as sheriff does not commence until he receives the direction to proceed. (*Walters* v. *Sykes*, 22 Wend., 566; *Ford* v. *Leche*, 6 Adol. & Ellis, 699.) A sheriff has no such lien or property in goods before an actual levy that he can maintain an action therefor. (*Hotchkiss* v. *McVicker*, 12 J. R., 403; *Marsh* v. *Lawrence*, 4

Cow., 468; *Dillenbeck* v. *Jerome*, 7 id., 298.) The title of the debtor is not divested until such levy. (*Payne* v. *Drew*, 4 East, 523; *Samuel* v. *Duke*, 2 Mees. & Wels., 62; *Vail* v. *Foster*, 4 J R., 452; *Hathaway* v. *Howell*, 54 N. Y., 97.) Such levy must be made within sixty days. (*Hathaway* v. *Howell*, 54 N. Y., 97; *Smith* v. *Smith*, 60 id., 161.) If a creditor holds securities of the principal debtor pledged for the payment of the debt, when the surety becomes such, if they are surrendered or given up to the principal the surety is wholly discharged whether he is injured or benefited. (*Phares* v. *Barbour*, 49 Ill., 370; *Am. Bank* v. *Baker*, 4 Met., 177; *Wharton* v. *Duncan*, 83 Pa., 40; *Hurd* v. *Spencer*, 40 Vt., 581; Brandt on Surety, §§ 370, 371.) This principle has been applied to liens by mortgage, judgments, or levies upon executions. (*State Bank* v. *Edwards*, 20 Ala., 512; *Dixon* v. *Ewing*, 3 Ohio, 280, *Hueston* v. *Hurley*, 2 Del. Ch., 247; *Shannon* v. *McMillin*, 25 Gratt., 211; *Morley* v. *Dickinson*, 12 Cal., 561; Brandt on Surety, § 378.) Where there has been no actual levy this rule does not apply. (*Summerhille* v. *Tapp*, 52 Ala., 227; *Humphrey* v. *Hitt*, 6 Gratt., 509; *Thornton* v. *Thornton*, 63 N. C., 211.) The countermanding of an execution by the creditor, after placing it in the hands of the sheriff and before it is levied, does not release the surety of the execution debtor. (*Bellows* v. *Lovell*, 5 Pick., 307; 4 id., 152; *Humphrey* v. *Hitt*, 6 Gratt., 509; *McMullen* v. *Hinkle*, 39 Miss., 142; *Hetherington* v. *Branck. Bank of Mob.*, 14 Ala., 68.) A failure to levy upon property within the time fixed by law will not discharge a surety. (*Lounsden* v. *Leonard*, 55 Geo., 374; *Summerhill* v. *Tapp*, 52 Ala., 227; *Clopton* v. *Spratt*, 52 Miss., 251; *Newton* v. *Charlton*, 10 Hare, 646.) The liability of a surety is not affected by the release of even a levy upon property unless he is injured thereby. (*Thomas, Ex.;* v. *Cleveland*, 33 Mo., 126; *Com. Bank* v. *West. Reserve Bank*, 11 Ohio, 444; *Adams* v. *Logan*, 27 Gratt., 201; *Stringfellow* v. *Williams*, 6 Dana, 236.) It is competent for a creditor to release the principal debtor and preserve his

remedy against the surety. (*Muir* v. *Crawford*, 13 Moak's Eng. Rep., 138; *Hubbell* v. *Carpenter*, 5 N. Y., 171; Brandt on Surety, § 123; *Boaler* v. *Mayor*, 115 Eng. Com. Law, 76.)

EARL J. This action is brought upon a promissory note made by J. R. Ward and indorsed for his accommodation by the defendant Erwin. Two defenses are relied upon, which I will consider separately.

1. The action was commenced against both maker and indorser, and judgment was entered against the maker, Ward, by default for the whole amount of the note. On the same day judgment was entered against him, execution was issued and delivered to the sheriff thereon, the plaintiffs at the same time directing him not to use or act upon the execution or to make any levy, until further orders from them. During the life of the execution, Ward had in his open, visible possession abundant personal property to satisfy the same. But the plaintiffs did not direct the sheriff to make a levy, until more than six months had elapsed after the issuing of the execution, and then he could not find any property to satisfy the same. The claim of the defendant, Erwin, is, that by the issuing of the execution, the plaintiffs obtained a lien upon Ward's personal property sufficient to satisfy the same; and that they, by their directions to the sheriff, lost that lien, and hence that Erwin, known to them to be a mere surety, was discharged.

The plaintiffs owed Erwin no active diligence to secure or protect his interests. They were not obliged, on his account, to sue the note, or to enter judgment thereon, or to issue any execution; and they were under no obligation to him to secure a lien upon Ward's property, although they had opportunity to do so.

The Revised Statutes provide that "whenever any execution shall be issued against the property of any person, his goods and chattels, situate within the jurisdiction of the officer to whom such execution shall be delivered, shall be

bound from the delivery of the same to be executed;" 2
R. S., 366 ; and to the same effect is the Code ; § 1405.

To obtain this lien, it is not sufficient merely to place an
execution in the hands of the sheriff. It must be issued *to
be executed.* Here it was delivered to the sheriff not to be
executed. He was to hold it and do nothing with it, until
further orders. The plaintiffs had the right thus to direct
him; and while he thus held the execution, he became their
agent. The execution was dormant, and no lien was thereby
acquired upon Ward's property : (*Armstrong* v. *Garrow*, 6
Cow., 465; *Walters* v. *Sykes*, 22 Wend., 566; *Corning* v.
*Southland*, 3 Hill, 552; *Root* v. *Wagner*, 30 N. Y., 17.)

Therefore, as no lien was acquired, none was lost ; and no
harm was done to Erwin of which the law will take cog-
nizance.

2. While this suit was pending, and execution against
Ward was in the hands of the sheriff, Ward transferred his
personal property to Erwin ; and in consideration thereof,
Erwin executed to him a mortgage upon real estate for the
sum of $2,200. Ward entered into negotiation with the
plaintiffs to have them take this mortgage in satisfaction of
the execution, and to pay him the balance in money. This
they declined to do ; but they offered to take an assignment
of the same, and to try to sell it, and to apply the proceeds
in satisfaction of the execution, and to pay the balance to
Ward, and the mortgage was assigned to them for that pur-
pose. After they obtained the assignment, they did not try
to sell it, and claimed to apply it upon another debt they
held against Ward. Ward refused to assent to this ; and
upon their refusal to deliver or re-assign the mortgage to him,
he executed a satisfaction of the same to Erwin. When the
plaintiffs subsequently commenced suit to foreclose the mort-
gage, Erwin defended ; and it was decided that they did not
own the mortgage, and Erwin had judgment for costs.

It is impossible to see how these facts furnish any defense
to Erwin in this action. The mortgage was not delivered
to them to secure this debt. It was delivered to them to

sell ; and by their omission to sell it — no matter from what motive — they violated no duty which they owed Erwin. They were wholly deprived of the mortgage by his action. He procured it to be satisfied ; and he cannot now set up the claim that they did not make it available to satisfy this debt.

The judgment must be affirmed, with costs.

All concur.

Judgment affirmed.