THE NEW YORK NATIONAL EXCHANGE BANK, Respondent,
*against* CHARLES JONES *et al*., AS EXECUTORS, &c., OF JOHN
PATTEN, DECEASED, IMPLEADED, &c., Appellants.

(Decided April 5th, 1880.)

In an action upon a promissory note against the executors of an indorser,
the maker of the note has not such an interest in the event as precludes
him, under section 829 of the Code of Civil Procedure, from testifying con-
cerning a personal transaction between himself and the deceased indorser.

In such an action the maker testified that the money obtained by discount-
ing the note was half for the indorser and half for himself.   *Held*, that a
motion to dismiss the complaint, on the ground that the indorser was
merely a surety, and as such had been discharged by the negligence of
the plaintiff, was properly denied.

*It seems*, that a surety is not discharged by the omission of the creditor to
refile a mortgage upon property of the principal debtor, as required by
law to continue the mortgage as a lien, although by such omission the
value of the mortgage as a security is lost.

A national bank is not within the provision of 2 R. S. 458, § 3,—which, as
amended by L. 1864, c. 422, provides that in suits by or against "any
corporation created by or under any statute of this state," it shall not be
necessary to prove on the trial its existence unless the answer alleges that
the plaintiff or the defendant is not a corporation.*

---

* The similar provision of the Code of Civil Procedure, § 1776,
which is not restricted to domestic corporations, took effect subsequently
to the above decision.

APPEAL from a judgment of this court entered upon the verdict of a jury by direction of the court.

The action was brought upon two promissory notes, against Charles Jones and Spencer Gregory as executors of John Patten, the indorser, and William Ebbitt, the maker, of the notes. The facts are stated in the opinion. Ebbitt did not appear. Upon the trial of the action as against the other defendants, the court directed a verdict for the plaintiff, and judgment for the plaintiff was entered on the verdict. From the judgment the defendants, Jones and Gregory appealed.

*E. A. Carley*, for appellants.

*John L. Brower*, for respondent.

VAN HOESEN, J.—Ebbitt, the maker of the notes, was asked whether Patten, the defendant's testator, who indorsed the notes, did so solely for the accommodation of Ebbitt, or whether some of the money was used for Patten's purposes. The question was objected to as calling for a personal transaction between a deceased person and a person interested in the event of the action. The objection is not tenable. Ebbitt was not interested in the event of the action. When interest in the event of the action disqualified a person from testifying as a witness, the maker of a note was always a competent witness for the indorsee in a suit against the indorser ; the reason being that if the plaintiff prevailed, the witness would be liable to pay the note to the defendant, and if the defendant prevailed, the witness would be liable to the same extent to the plaintiff ; so that his interest was balanced (Greenleaf Evid. § 399).

It appears that Ebbitt had made default, so that his liability did not at all depend on the result of this action ; nor would the judgment against Patten be any evidence in an action between Ebbitt and Patten's executors that Patten was not, as his executors assert, a mere surety for Ebbitt. Section 829 of the Code of Civil Procedure was not, therefore, violated by permitting Ebbitt to testify that Patten was himself interested in the avails of the notes that were discounted by the bank.

It appears that the defendants requested the court to direct a verdict in their favor, and that when they excepted to the refusal to do so, they declared that they did not think that there was any question for the jury. The first question before us, therefore, is, did the evidence show that Patten was a surety? for, if it did not, it is unnecessary to examine the legal question presented by the defendants, did the failure of the plaintiff to refile the chattel mortgage, given by Ebbitt, the maker, release or discharge Patten, the indorser? If Patten were not a surety, he has no right to complain of the failure of the bank to refile the mortgage.

I think that the evidence fails entirely to show that Patten was a surety for Ebbitt. On the contrary, I think it appears that he was quite as much a principal as Ebbitt himself.

At fol. 74 of the case, the question was put, to which I have already adverted: Did Mr. Patten indorse these notes entirely for your accommodation, or was some of the money used for Mr. Patten's purposes? the answer was, Half his, and half my own.

When the counsel for the executors heard this, they began an examination of the witness with the hope of explaining away that statement, but they failed to break the force of it.

They did succeed in showing that the bank account was in the name of Ebbitt, and that the various checks given for the purpose of reducing the amount of the original loan, were all drawn by Ebbitt, but the statement that the money obtained was half for Patten, and half for Ebbitt, was not withdrawn, contradicted, or qualified. It is evident that when the witness said that the money was half for him, and half for Patten, he referred to the money obtained on the first discounting of the notes in 1874 and 1875, and there is not one word in the testimony elicited by the defendants inconsistent with this view of the witness's meaning. The foundation of the defense, under this construction of the evidence, utterly fails.

But, even if Patten had been shown to be a surety, I am not prepared to concede that the failure of the bank to refile the mortgage would have discharged him. It is not necessary to discuss the question, but I will say that I have looked into

the following cases among others, as well as into the note upon *Rees* v. *Berrington*, 2nd part, 2nd vol. Leading Cases in Equity, pp. 375–380, and my conclusion is that a failure of the creditor to refile, or to file, a mortgage upon the property of the principal debtor, will not discharge a surety.

There is in the case of *Shroeppel* v. *Shaw* (3 N. Y. 459), a dictum of Judge HARRIS that such a failure on the part of the creditor might discharge the surety, but there is no decision to that effect, and the following authorities are expressly opposed to such a rule (*Hampton* v. *Levy*, 1 McCord Ch. 107; *Lang* v. *Brevard*, 3 Strobh. Ch. 59; *Philbrook* v. *Mc-Ewen*, 29 Ind. 347).

The foregoing cases all relate to mortgages given by the principal debtor to the creditor, the value of which was lost by the neglect of the creditor to file them, and the decisions are that the surety was not thereby discharged; the courts agreeing that a surety will be discharged only where the creditor does an act of a positive character, the effect of which is to destroy, abandon or waive a security to the benefit of which the surety is entitled; and that no act of passive sufferance, where the creditor is not required by the surety to proceed, will affect the surety's obligations.

I see no answer to the objection that the plaintiff, being a national bank, failed to prove its corporate existence. Evidence of incorporation was indispensable. Our statute provides that in suits brought by or against any corporation created by or under any statute of this state it shall not be necessary to prove on the trial the existence of the corporation, unless the defendant shall have alleged in his answer that the plaintiff or the defendant, as the case may be, is not a corporation (2 R. S. 458, § 3, as amended by chap. 422, Laws 1865).

Unfortunately for the plaintiff, it was not created by or under any statute of this state, and it is not within the protection of the provision to which I have referred. The omission to prove the charter might have been supplied at the argument, as we then stated, but it was not supplied (*Bank of Charleston* v. *Emeric*, 2 Sandf. 715).

We must, therefore, reverse this judgment, and leave the

plaintiff to apply for a re-argument, upon which the missing proof may be furnished.

CHARLES P. DALY, Ch. J., concurred in the result.

J. F. DALY, J.—I concur in the opinion that the indorser Patten was not a surety for the maker, and that but for the omission to prove the incorporation of the plaintiff this judgment would have to be affirmed.  I am in favor, therefore, of granting a re-argument to permit proof of incorporation to be supplied.

Judgment reversed, with costs.