No. 9147.

## SAMPLE *v.* COCHRAN.

PROMISSORY NOTE.—*Principal and Surety.—Release of Surety.—Lien.—Married Woman.*—It is the duty of the payee of a note upon which there is a surety to hold all securities he has from the principal of the note for the benefit of the surety; and if he releases a lien upon property of greater value than the amount of the note, such release discharges the surety, though the principal be a married woman and not bound by the note.

From the Clark Circuit Court.

*P. H. Jewett, —— Jewett* and *C. L. Jewett,* for appellant.

BEST, C.—This suit was brought upon a note of $100, dated December 27th, 1877, due two years after date, made by the appellant and one Sarah C. Sample to the appellee.

The appellant filed an answer of two paragraphs. The first was a general denial, and the second was as follows:

" The defendant says that said note is signed by defendant and Sarah C. Sample, and that he executed said note with said Sarah C. Sample, and as her surety, at the request and procurement of said Sarah C. Sample, and the plaintiff, under the following representations and promises made by them to him, that is to say: The plaintiff and said Sarah C. Sample told defendant that plaintiff had sold to said Sarah C. Sample, a

house and lot in the city of Jeffersonville, Indiana, and the plaintiff was to [and] had retained a lien on said house and lot for the payment of the note which the defendant was about to sign; that said lien had been retained for the purpose of preventing any loss or damage to the person who should become surety on said note, and that if said Sarah C. Sample failed to pay said note, the plaintiff would resort to an enforcement of said lien for the satisfaction of said debt. He says that said house and lot are still held and owned in fee simple by said Sarah C. Sample, and worth $800, and unencumbered, and that said house and lot are described as follows: * * * * * * * * That said Sarah C. Sample is now a married woman, and was at the time of the execution of said note; that by a fraudulent combination between the said Sarah C. Sample and the plaintiff, the plaintiff, without consideration, released said lien; the said Sarah C. Sample was not made a party to this suit, and the defendant prays that the plaintiff be compelled to make said Sarah C. Sample a party defendant hereto, and that she be required to proceed to enforce her lien on said house and lot, and for all other proper relief."

A demurrer for the want of facts was sustained to this paragraph of the answer. The appellant also filed a cross complaint against the appellee and Sarah C. Sample, alleging, substantially, the same facts as were averred in the second paragraph of his answer. Each of the defendants thereto demurred for the want of facts, and these demurrers were sustained. The cause was tried, and judgment rendered for the appellee. The rulings upon the several demurrers are assigned as error. The action of the court in sustaining the demurrers of the appellee is not alluded to in the brief of appellant, and is, therefore, waived.

The ruling upon the demurrer of Sarah C. Sample presents no question, as she is not a party to this appeal. There is, therefore, no available error in the ruling of the court upon the demurrers to the cross complaint.

The ruling upon the demurrer to the second paragraph of the answer was erroneous. The substance of its averments is, that the appellant was the surety of Sarah C. Sample in the execution of the note; that the payee held a lien upon a house and lot of the value of $800 to secure the payment of said note, and, after its execution, she released her lien. This released the surety. It is the duty of a payee of a note upon which there is a surety, to hold all securities he has from the principal in the note, and if he releases such securities, the surety upon the note will be released to the extent of the value of the security released. *Holland* v. *Johnson*, 51 Ind. 346; Brandt Suretyship, section 370.

The value of the lien released exceeded the amount due upon the note, and hence the facts averred constituted a bar to the action.

The paragraph in question was general, and was subject to a motion to make more specific, as the nature of the lien was not stated; but this objection can not be taken by demurrer. We have not been favored with a brief from the appellee, and do not know why the paragraph was deemed insufficient by the court below. The fact that Sarah C. Sample was a married woman, and was not herself bound by the note, did not change the appellant's relation to the debt. He was her surety, and the release of any security held by the payee against Sarah C. Sample, would release the appellant as though she had also been bound by the note. This paragraph of the answer was good, and, for the error in sustaining the demurrer to it, the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at appellee's costs, with instructions to overrule the demurrer to the second paragraph of the answer, and for further proceedings.