ELIZABETH S. SPRING, as Administratrix, etc., of MARSHALL SPRING, Deceased, Plantiff, v. FRANCIS GEORGE, Defendant, Impleaded with CORNELIUS STOKEM.

*Indorser — when discharged by a release of the property of the maker of the note, taken under an attachment issued by the creditor in an action upon the note.*

In an action, brought upon a note made by Stokem and indorsed by the defendant George, the latter defended the action upon the ground that Marshall Spring, the plaintiff's intestate, brought a suit on the note against him and Stokem, in 1870, and obtained a warrant of attachment, under which the sheriff levied upon sufficient property of Stokem, the maker, to satisfy the note, and that subsequently Spring, without the knowledge or consent of George, the indorser, directed the sheriff to abandon the levy and release the attached property, and that since that time the maker Stokem has become insolvent. Upon the trial the defendant offered evidence to sustain this defense, some of which was received by the trial court, and some of which, among other things the affidavit of Spring on which the warrant of attachment was granted, was excluded.

*Held*, that it ought to have been received as it showed that the claim there in suit was based upon the very note which was the subject of this action, and was competent and material evidence for that purpose.

Where a creditor, in the course of legal proceedings, based upon his claim, once gets hold of property of the principal, which is applicable to the payment of the debt, the surety is entitled to insist that the creditor shall not voluntarily let the property go; and if he does so, and the claim subsequently proves to be uncollectible from the principal, the surety is discharged.

That the court erred in directing a verdict for the plaintiff.

Motion for a new trial, after a verdict for the plaintiff directed at the New York Circuit, on exceptions ordered to be heard in the first instance at General Term.

*Albert Bach*, for the plaintiff.

*C. Bainbridge Smith*, for the defendant.

Bartlett, J.:

This is an action upon a promissory note. The maker does not defend. The court, at circuit, directed a verdict against the indorser and ordered the exceptions to be heard in the first instance at General Term.

One of the defenses of Francis George, the indorser, was that

Marshall Spring, the plaintiff's intestate, brought a suit on the note against him and Cornelius Stokem, the maker, in 1870; that he obtained a warrant of attachment, under which the sheriff levied upon sufficient property of Stokem, the maker, to satisfy the note, and that subsequently, Spring, without the knowledge or consent of George, the indorser, directed the sheriff to abandon the levy and release the attached property, since which time the maker, Stokem, has become insolvent. The defendant offered evidence to sustain this defense, some of which was received by the trial court and some of which was excluded. It was proved by a witness, who was a deputy sheriff in the city of New York in 1870 and 1871, that he had an attachment against the property of Cornelius Stokem in favor of Marshall Spring, and that, after a man had been put in charge of the attached property, the attachment was withdrawn by reason of a notice from the plaintiff's attorney. Stokem, the maker of the note, also testified to the fact of the attachment, and that the property levied upon was worth four or five thousand dollars, or considerably in excess of the amount of the note. The affidavit of Spring, on which the warrant of attachment was granted, was excluded by the court. We think it ought to have been received. It showed that the claim there in suit was based upon the very note which is the subject of this action, and it was competent and material evidence for that purpose. Proof as to the subsequent insolvency of Stokem, the maker, was given by introducing transcripts of judgments against him, which did not appear to have been satisfied.

In view of this evidence the plaintiff was not entitled to have a verdict directed in her favor. It is doubtless true, as a general rule, that mere delay on the part of a creditor to enforce an obligation, as against the principal debtor, will not operate to relieve the surety. (*People* v. *White*, 28 Hun, 289, 294.) And it has been held that the holders of a promissory note owe an accommodation indorser no active diligence to secure or protect his interests, and are not obliged, on his account, to sue the note or enter judgment thereon or issue execution. (*Smith* v. *Erwin*, 77 N. Y., 466.) But when the creditor, in the course of legal proceedings based upon his claim, once gets hold of property of the principal, which is applicable to the payment of the debt, the surety is entitled to insist that the creditor shall not voluntarily let the property go, and if he does so, and

the claim subsequently proves to be uncollectible from the principal, the surety is discharged. Such seems to be the meaning of the rule, approved by the Court of Appeals, in the case of *Shults* v. *Fingar* (100 N.Y., 539, 546), where it is said, that "although the creditor is not bound to take active measures to enforce payment of the debt, and may, therefore, stop short in those which he has taken, even when their further prosecution would have been successful, yet he is not entitled to relinquish any hold which he has actually acquired on the property or estate of the principal and which might have been made effectual for the payment of the debt. This is the necessary result of the rule that a creditor shall not arbitrarily shift the burden of a debt from the party primarily liable for its payment and impose it on another whose liability is secondary."

In *Smith* v. *Erwin* (*supra*) the accommodation indorser claimed to have been released from liability because the holders of the note, after obtaining judgment and issuing execution against the maker at a time when the latter had property enough to meet the demand, did not direct the sheriff to levy until more than six months after the execution was issued, when no property could be found. The decision was adverse to the indorser, but turned upon the fact that the plaintiffs, in the first instance, directed the sheriff not to levy until he should receive further orders from them. It was held that this rendered the execution dormant in the meantime, and that the defendant's property was not bound thereby until the subsequent order was given. Hence no lien ever was acquired and none had been lost. But from the manner in which the question was treated and from the language already quoted from *Shults* v. *Fingar*, it is plain that if the execution had been issued to the sheriff to be executed immediately, at a time when the defendant had sufficient personal property to satisfy the same in his open and visible possession, and after an actual levy thereon the plaintiffs had given a direction to the sheriff which deprived them of the lien thus obtained, it would have been held that the indorser was discharged.

In the case before us the property of the principal debtor was taken under a warrant of attachment instead of an execution, but the creditor thereby certainly acquired a hold on the estate of the principal. The latter does not appear ever to have interposed any defense to the claim made against him as the maker of the note;

and it is obvious that the hold thus acquired "might have been made effectual for the payment of the debt" by simply retaining the property until judgment was obtained by default and execution was issued thereon. The doctrine that a creditor is under no obligation to a surety to proceed actively against the principal debtor should not be carried so far as to justify the creditor in releasing the property of the principal debtor which he has actually levied upon under an attachment, when the effect of such action on his part is to render it impossible to collect the debt from the principal.

It was error to direct a verdict for the plaintiff. The defendant's exception to such direction, and, likewise, his exception to the exclusion of Marshall Spring's affidavit to obtain the attachment, must be sustained, and a new trial granted, with costs to the defendant to abide the event.

VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment ordered as directed in opinion, and new trial granted, with costs to the defendant to abide the event.