Plankinton vs. Gorman.

PLANKINTON, Assignee, Respondent, vs. GORMAN, imp., Appellant.

*May 25 — June 19, 1896.*

(1) *Appeal: Review: Direction of verdict: Motion for new trial.* (2) *Promissory notes: Discharge of indorser by release of lien on property of prior indorser: Voluntary assignment.*

1. The ruling of the trial court in directing a verdict may be reviewed on appeal from the judgment although there was no motion for a new trial.

2. Where the holder of a promissory note, by filing his claim for the amount due thereon in the assignment proceedings of an insolvent indorser, had obtained an interest in or lien on the assets in the hands of the assignee for its payment, which, if enforced, would have satisfied the claim, his subsequent voluntary release of such lien or claim without the consent of a later indorser discharged the latter from his liability on the note.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Reversed.*

Defendant Matt H. Bauer, on the 1st day of May, 1893, made his promissory note for $1,000, payable 100 days after date, to the order of defendant *Thomas Gorman,* and caused the same to be indorsed by the J. Obermann Brewing Company, and thereafter, for value, delivered the same to *Gorman.* *Gorman* thereafter indorsed the note to H. J. Killilea,

and he indorsed the same to the Plankinton Bank. Thereafter, and before the note became due, the brewing company made an assignment for the benefit of creditors. At the maturity of the note it was duly protested, so as to fix the liability of the indorsers. Thereafter the bank filed a claim for the amount due on the note in the assignment proceedings of the brewing company. Thereafter, and when the assignee had sufficient assets in his hands to pay the note, an agreement was made between plaintiff, as assignee of the bank for the benefit of creditors, the brewing company, and its assignee, without the knowledge of *Gorman*, whereby plaintiff, by a written instrument under seal, released the brewing company and its assignee from such claim. Evidence was offered on the trial, and received against defendant *Gorman's* objection, to explain such instrument and show that it was not a release in fact of the brewing company, but a mere consent to a reassignment of the property held by the assignee, so that the company might resume business and ultimately pay the note. The evidence tended to show that the arrangement was made with a view of giving the brewing company an indefinite extension of time for the payment of the note, and that the real consideration for the release was the reassignment of the property by the assignee to the brewing company, and its resumption of business.

At the close of the evidence plaintiff moved the court to direct a verdict in his favor, and defendant *Gorman* made a like motion to direct a verdict in his favor. The court granted plaintiff's motion and denied defendant's motion. Judgment was entered in favor of plaintiff, and defendant *Gorman* appealed.

For the appellant there was a brief by *Fiebing & Killilea*, attorneys, and a separate brief signed also by *Austin & Fehr*, of counsel, and oral argument by *H. J. Killilea*.

For the respondent there was a brief by *Winkler, Fland-*

*ers, Smith, Bottum & Vilas,* and oral argument by *W. K. Gibson.*

MARSHALL, J. There was no motion for a new trial before judgment. Therefore the question of whether the verdict is sustained by the evidence is not before us. *Kirch v. Davies,* 55 Wis. 287. It is argued on the part of respondent that, for want of a motion for a new trial before judgment, this court cannot review the rulings of the trial court in directing the verdict for plaintiff. Such is not the law. A motion for a new trial is only necessary to preserve for review errors committed by the jury. Errors committed by the court are reviewable without such motion. Improperly directing a verdict is such an error, which, if properly excepted to and preserved in the bill of exceptions, can be reviewed on appeal from the judgment.

The facts are uncontroverted that plaintiff in form executed and delivered an instrument reciting as a fact that the claim on the note against the brewing company had been fully paid, satisfied, and discharged, and in consideration thereof plaintiff released and discharged such company, its assignee, and the assets held by him from such claim; that there were sufficient funds or assets in the hands of such assignee to pay the claim; that plaintiff had an interest in or lien upon such assets to the amount of such claim, which he surrendered without the consent of the second indorser, the appellant. Did such release, under the circumstances, whether the note was actually paid or not, have the effect to release appellant from the obligation of his indorsement? If so, the court erred in directing the verdict for plaintiff, and the other questions presented for review need not be considered.

The general rule is that while a creditor who has a claim against principal and surety is not bound to proceed against the principal, if he does, and obtains a lien upon his prop-

erty for the payment of the debt, and then releases it without resorting to proper proceedings to make therefrom satisfaction of such debt, the surety is released. *Maquoketa v. Willey*, 35 Iowa, 323; 3 White & T. Lead. Cas. Eq. (Hare & W. Notes), 552; *Chambers v. Cochran*, 18 Iowa, 159. Such rule applies between successive indorsers. *Spring v. George*, 50 Hun, 227; *Smith v. Erwin*, 77 N. Y. 466; *Shutts v. Fingar*, 100 N. Y. 539. The cases cited are to the effect that, though a creditor is not bound to take active measures to collect the debt, and after commencing may stop short when, if the proceedings were pursued to the end, they would result in enforcing payment, if the creditor once gets hold of or a claim on property of the principal, applicable to the payment of the debt, and then voluntarily releases it to the prejudice of the surety, such surety is discharged. In *Smith v. Erwin*, *supra*, the decision was adverse to the indorser. It was placed on the ground that the creditor had not actually obtained a lien upon the property and then abandoned or released it, but had simply neglected to obtain a lien when opportunity therefor existed. As said in *Spring v. George*, *supra*, the effect of the decision is that, if the sheriff who held the execution, instead of merely neglecting to levy on the property to satisfy the debt when he might have done so, had made a levy, and then plaintiffs had given such directions to the sheriff as deprived them of the lien thus obtained, the indorser would have been discharged; and such is unquestionably the law. *Allen v. O'Donald*, 23 Fed. Rep. 573; Daniel, Neg. Inst. § 1311; 1 Parsons, Notes & B. 242; Byles, Bills, 253, note; *Priest v. Watson*, 75 Mo. 310; *Winston v. Yeargin*, 50 Ala. 340; *Sample v. Cochran*, 82 Ind. 260.

Here, as between appellant and the Obermann Brewing Company, the latter was liable for the debt. As soon as plaintiff filed his claim in the assignment proceedings, he obtained an interest in or lien on the funds or assets in the

hands of the assignee for its payment, which, if enforced, would have satisfied such claim. Plaintiff became a trustee in respect to such lien or claim for the benefit of the appellant, and his subsequent voluntary release of such lien or claim, without appellant's consent, ended the latter's liability on the note.

It follows that the court erred in directing the verdict in favor of the plaintiff, for which error the judgment must be reversed and a new trial granted.

*By the Court.*— The judgment of the superior court is reversed, and the cause remanded for a new trial.