AUTO BROKERAGE COMPANY, INC., Respondent, *v.* MORRIS
& SMITH AUTO COMPANY, INC., Appellant.

(Supreme Court, Appellate Term, First Department, January, 1919.)

Negotiable instruments — indorser of note released by failure of payee
to file chattel mortgage held as security — bills, notes and checks.

   The maker of a note, as collateral security therefor, gave a
   chattel mortgage to the payee who, on the same day, indorsed
   the note for value to plaintiff and assigned to it the mortgage.
   Because the mortgage was not filed, which fact the plaintiff
   knew, the receiver in bankruptcy of the maker of the note
   sold the mortgaged property free of the lien for more than
   the amount of the note. In an action on the note against the
   indorser, who was the payee, the defendant, admitting the
   plaintiff's *prima facie* case, pleaded both as a defense and as a
   counterclaim the facts above stated. *Held*, that a judgment
   in favor of plaintiff entered upon a trial without a jury should
   be reversed and judgment directed for the defendant.

APPEAL by defendant from a judgment of the Munic-
ipal Court of the city of New York, borough of Man-
hattan, third district, in favor of plaintiff, after trial
by the court without a jury.

Jordan & Williams (F. Sidney Williams, of counsel),
for appellant.

Harold R. Zeamans, for respondent.

MULLAN, J. The action is on a note, against the
indorser, who was the payee. The plaintiff's *prima
facie* case is admitted, but the defendant pleads the
following facts, which are conceded, as a defense and
counterclaim. When the maker made the note to the

Appellate Term, First Department, January, 1919. [Vol. 106.

defendant, he executed and delivered to it a chattel mortgage, as collateral security. Defendant, on the same day, indorsed the note for value to plaintiff, and assigned to it the chattel mortgage. The plaintiff, knowing that the chattel mortgage had not been filed, did not file it. The maker subsequently became a bankrupt, and, because the mortgage was not filed, the receiver took the chattel free of the mortgage lien. The chattel when sold realized more than the amount of the note. We think that in giving judgment for the plaintiff the learned trial court fell into error.

It is said in Corpus Juris (vol. 8, p. 620) that: " The surrender or release by the holder of a bill or a note of any security which he has received from the acceptor or maker, for the payment of the instrument, operates as a discharge of the indorsers to the amount of the security so surrendered. * * * Indorsers are released if the security is impaired by the act or negligence of the holder to the injury of the surety or indorser. * * * So it has been held that an indorser or surety on a note may be discharged by the holder's failure to record a mortgage given to secure the note, whereby the benefit of the mortgage security is lost."

In *Atlanta National Bank* v. *Douglass,* 51 Ga. 205, the precise situation we are here dealing with arose, and it was held that the indorser was relieved because of his indorsee's failure to record a mortgage executed by the maker as collateral security, the failure so to record causing the loss of the lien; and the holding there was approved by our Court of Appeals in *Shutts* v. *Fingar,* 100 N. Y. 539, 544, where Ruger, Ch. J., quoted (at 546) from *Reese* v. *Barrington,* 2 Lead. Cas. in Eq. pt. 2, p. 373, as follows: " The creditor * * * is not entitled to relinquish any hold which he has actually acquired on the property or estate of

the principal and which might have been made effectual for the payment of the debt. This is the necessary result of the rule that a creditor shall not arbitrarily shift the burden of a debt from the party primarily liable for its payment and impose it on another whose liability is secondary.''

In *Spring* v. *George,* 50 Hun, 227, the doctrine of the *Shutts* case was relied upon to the extent of holding that where, after the note was dishonored, the indorsee attached property of the maker sufficient to pay the note, and later released the levy, and the maker became insolvent, the indorser was released.

Judgment reversed, with thirty dollars costs, and judgment directed for the defendant, with appropriate costs in the court below.

GUY and BIJUR, JJ., concur.

Judgment reversed, with thirty dollars costs.