## In re LASKARIS.
### No. 20486.

District Court, W. D. New York.
Sept. 13, 1933.

Joseph J. Doyle, of Seneca Falls, N. Y., for bankrupt.

Ernest G. Gould, of Seneca Falls, N. Y., for sheriff and judgment creditors.

KNIGHT, District Judge.

Execution was issued on a judgment against the above-named bankrupt on February 20, 1931. During each period of sixty days thereafter until July 31, 1933, plaintiff's attorneys notified the officer holding the execution that said execution was renewed. While the judgment creditor asserts that a levy on the execution was made when it was first issued, the officer holding the execution asserts the contrary. Proof of other facts confirms the statement of the officer. From time to time substantial payments were made on the execution to the officer. Adjudication herein was made within four months from the time of the levy. The judgment creditor claims that the lien under the execution attached from the date when it was first issued.

█ Section 679 of the Civil Practice Act of New York provides that goods are bound by the execution "from the time of the delivery thereof to the proper officer to be executed." Assuming the execution when originally issued was intended "to be executed," the same effect is not to be given to reissuances of this execution. The renewals were not issued to be then executed. They were issued with the intent to permit the officer to withhold making a levy pending payments. Upon this state of facts the judgment creditor obtained no lien until an actual seizure of property was made. In re Avlon Syrup Corp. (D. C.) 25 F.(2d) 343; Hathaway v. Howell, 54 N. Y. 97; Smith v. Erwin, 77 N. Y. 466; Excelsior Needle Co. v. Globe Cycle Wks., 48 App. Div. 304, 62 N. Y. S. 538.

█ There is no proof showing that the property seized was the property of the judgment debtor when the execution was originally issued or at any time until the actual levy was made. A lien could not attach to a thing not in being. No presumption arises that the property was the same property. A levy made in 1933 on an execution renewed from 1931 cannot have the effect of creating a lien as of the latter date, for it does not appear that the property seized was possessed by the judgment debtor in 1931. Even were we to say that the execution was issued and renewed "to be executed," the actual lien on the property seized was procured within four months preceding the adjudication, and hence was a preference.

For the reasons assigned, the restraining order will be granted.