Howard T. Hogan, P. J.
Defendants appeal from a judgment in the amount of $9,179.58 which was entered on the granting of summary judgment to the plaintiff.
The facts in this action against the indorsers of a promissory note are basically undisputed as they are pertinent to the issues raised on this appeal.
*892 The defendants were the sole stockholders and officers of Suffern Building. Supply Co. Inc. (hereinafter referred to as Suffern), which in August, 1966 purchased a new Diesel truck. In order to finance that purchase, Suffern borrowed the funds from the plaintiff, which prepared a note for the defendants’ execution. The defendants executed the note in their representative- capacities but indorsed it in blank as individuals. Simultaneously with the signing of the note, a collateral security agreement was executed by Suffern and the. truck was specified as the collateral security. Through inadvertence, and unbeknownst to the defendants, the plaintiff failed to file the financing statement with the Secretary of State and thus failed to perfect its security interest in the collateral. Subsequently, in February, 1967, Suffern, by its officers, executed an assignment for the benefit of creditors, and, under the terms of the note this constituted a default whereupon the plaintiff accelerated the balance due.
The assignee for the benefit of creditors refused to recognize the plaintiff’s security interest and claimed full title to the truck. The plaintiff did not dispute the claim of the assignee, but commenced this action against the indorsers.
The pertinent provisions of the note are: “ all indorsers, sureties and guarantors hereof consent to any and all extensions of time, renewals, waivers or modifications that may be granted by the Bank with respect to the payment or other provisions of this note and to the release of the collateral, or any part thereof, with or without substitution and agree that additional makers, indorsers, guarantors or sureties may become parties hereto without notice to them or affecting their liability hereunder.”
On this appeal the defendants argued that the failure to file the security interest released them from liability and that the additional provision in the note which authorized a release of the collateral did not alter the result.
I do not agree with the defendants ’ contention. It is true, as the defendants argue, that the impairment of the security by the creditor normally releases the surety from any further liability, at least to the amount of the security released (Uniform Commercial Code, § 3-606). Whether the failure to record a security agreement releases the surety is an area in which the cases are in apparent conflict (57 N. Y. Jur., Suretyship and Guaranty § 201; 72 C. J. S., Principal and Surety, § 200; 50 Am. Jur., Suretyship, § 118). Some cases have indicated that it might release the surety (see Schroeppell v. Shaw, 3 N. Y. 446 [1850]; Auto Brokerage Co. v. Morris & Smith Auto Co., 106 Misc. 147 [App. Term, 1919]), but others have indicated that it would not have that result, especially where there was no duty owed directly *893 by the creditor to the surety (Westchester Mtge. Co. v. Thomas B. Mclntire, Inc., 174 App Div. 525 [1916]; New York Nat. Exch. Bank v. Jones, 9 Daly 248 [1880]). (See, also, Heaston Tractor & Implement Co. v. Securities Acceptance Corp., 243 F. 2d 196 [1957] ; Nation Wide Inc. v. Scullin, 256 F. Supp. 929 [Dist. Ct., N. J., 1966], affid. 377 F. 2d 554.) It is not necessary for us to reconcile the apparent conflict, since even in those cases where it was held that the surety was released, the rationale was that the failure to file was tantamount to a release of the collateral (Schroeppell v. Shaw, supra; Shutts v. Fingar, 100 N. Y. 539, 544; Auto Brokerage Co. v. Morris & Smith Auto Co., supra) and in the present case the defendants had consented to a release of the collateral by the creditor. It therefore follows that the surety cannot object to the plaintiff’s failure to file.
The judgment should therefore be affirmed, without costs.
Glickman and Pittoni, JJ., concur.
Judgment affirmed, without costs.