Kirch vs. Davies.

---

## KIRCH vs. DAVIES.

*February 16 — September 19, 1882.*

REPLEVIN: TRADE FIXTURES: CONTRACT: DEED: PLEADING. *(1) When replevin lies for trade fixtures. (2) Contract as to fixtures construed. (5, 7, 8) Deed construed. (6) What is a fixture.*

PLEADING: AMENDMENT. *(3) Amendment of complaint. (4) Admission by failure to answer amended complaint.*

APPEAL TO SUPREME COURT. *(9) Record proper and bill of exceptions. (10) When motion for new trial necessary.*

EVIDENCE. *(11) When acts and negotiations of parties admissible to explain deed.*

1. Replevin lies to recover trade fixtures wrongfully removed.
2. A deed of land with certain specified fixtures and personal property thereon provided that the grantor should have the right to occupy

the premises for thirty days, and within that time to remove therefrom all the property not specially conveyed, but without interfering with the grantee's right to enter upon the premises during the same time for the purpose of making repairs and improvements. *Held,* that this gave the grantor no right to remove from the premises any of the property conveyed to the grantee, nor did it deprive the latter of the right to the possession thereof during the period named.

3. In replevin by the grantee in such deed, for fixtures, etc., removed by the grantor, it was not error to permit an amendment of the complaint on the trial so as to enumerate specific articles not mentioned in the original complaint.

4. The denials of the original answer relating only to the specific articles named in the original complaint, a failure to answer the amended complaint was an admission of its averments as to the additional chattels named therein.

5. A deed of land " with the buildings thereon " (which were used for manufacturing purposes), and also of certain described articles of " property connected with or situated in or about the premises," including specifically articles which were clearly fixtures as well as certain personal property, and allowing the grantor thirty days to remove from the premises " all property not specially conveyed " thereby, construed as conveying *none of the trade fixtures not specified.*

6. Whether an iron cylinder (called a " cupola ") which is used in melting metal, and is set in solid masonry on the foundation of and partly under the chimney, with which it is closely connected, and is lined with mortar which frequently burns out and is replaced with new mortar — is a mere fixture, or a part of the building itself, *quære.*

7. Whether counter-shafts, connecting with the main shaft certain of the machines conveyed, constituted a portion of such machines, was a question of fact for the jury.

8. A clause in the deed, conveying " all belts and pulleys belonging to or connected with the machinery and machines " conveyed, *held* to include all belts and pulleys used in the distribution of power from the engine to said machines.

9. A direction by the court to the jury to return a certain verdict is no part of the record proper, and cannot be reviewed on appeal, unless excepted to and included in the bill of exceptions; and sec. 3070, R. S., has no reference to such a direction.

10. In a cause tried by a jury, this court cannot review the evidence to determine whether it supports the verdict, unless there was a motion for a new trial.

11. Where there is no latent ambiguity in a deed, evidence of the intentions, acts and negotiations of the parties in respect to the sale and purchase of the property included in the deed, is not admissible to aid in its construction.

APPEAL from the Circuit Court for *Jackson* County.

Replevin, for certain trade fixtures removed by the defendant from a building used as a manufactory of wagons and fanning mills. The defendant was theretofore the owner of the lots on which said building stood, but had conveyed the same to the plaintiff by deed duly executed by himself and his wife. The principal questions determined by this court arise upon that deed. It is necessary, therefore, to quote a considerable portion of it. Commencing with the description of the property conveyed, the deed is as follows: "All of lots Nos. three and four, in block No. fourteen, in the village of Mazomanie, together with the buildings thereon, and also the following described property connected with or situated in and about the premises above described, to wit: 1 wood lathe, 1 sand machine, 1 whittler, 1 mortising machine, 1 gauge cut-off saw and table, 1 fine cut-off saw and table, 1 swing saw and table, 1 planer, 1 rip saw and table, 1 axle lathe, all the wagon hubs in the machine wood-shop except 50 sets, 1 engine and boiler attached to the shop, and the heater belonging to said boiler and engine, 1 small grindstone and table, 1 iron drill, 1 iron lathe, all the patterns except wagon skeins and grave-yard fence patterns, one-half of the hand blacksmith tools, 1 hand punch, 1 big anvil and right-hand bellows and small vise, 1 hand drill made by Davies & Bros., all the flasks in and about the factory except one of each kind, 2 carpenter's benches, all belts and pulleys belonging to or connected with the machinery and machines situated in said building, and hereby conveyed; the said *Nathaniel T. Davies* to have the right to occupy said premises for the period of thirty days next following the date hereof, without interfering with the right of said *Kirch* to

enter upon said premises at any time during said thirty days for the purpose of making repairs and improvements upon and of said property and premises; to have and hold the same, together with all and singular appurtenances and privileges thereunto belonging or in anywise thereunto appertaining; and all the estate, right, title, interest and claim whatsoever of the said parties of the first part, either in law or equity, either in possession or expectancy, to the only proper use, benefit and behoof of said party of the second part, his heirs and assigns, forever; the said *Nathaniel T. Davies*, within said thirty days, to have the right to remove from said premises all property not hereby specially conveyed."

The building contained a large number of machines attached as fixtures, not enumerated in the deed; and the power from the engine was distributed to all of the machines by main shafts, pulleys and belts. In addition to the main shafts there were counter-shafts connected immediately with some of the machines enumerated in the deed. Within the thirty days specified in the deed, the defendant took down and removed from the building the main shafts, the pulleys thereon, and the belts connecting the pulleys with the machines, together with certain other minor fixtures specified in the pleadings and verdict. He also removed the cupola. On the trial, the plaintiff was allowed to amend his complaint by inserting therein certain articles not specified in the original. In the amended complaint the plaintiff claims to recover all of the property (except the engine, boiler and heater) specified in the deed, and in addition thereto all of the property specified in the verdict. The cupola was claimed in the original complaint.

It is admitted by the defendant, in his answer to the original complaint, that "at the date of the commencement of this action he was in possession of certain of the belts and pulleys described in said complaint, and of all the shafting, and of the cupola described in said complaint, and that he refused

Kirch vs. Davies.

to deliver to the plaintiff the said belts and pulleys, shafting and cupola; and defendant also admits that the plaintiff is the owner of all the remainder of the property specifically described in the complaint." The answer also contains a general denial of all other averments of the complaint except the averment of the value of the property, and also an allegation that the defendant is "the lawful owner, and lawfully entitled to the possession, of the portion of the belts and pulleys described in the complaint which was in his possession at the time of the commencement of this action, as above admitted, and of all of said shafting and the said cupola." No answer was interposed to the amended complaint.

A large amount of testimony was introduced, sufficient reference to which will be found in the opinion. During the trial it was admitted and agreed by the respective counsel, "that the defendant took all the property described in the complaint except what is specifically described in the deed; that the value of that property is $400; that the value of the property specifically named in the deed (which is also mentioned in the complaint), is $400, which was not taken by the defendant; that the damage to the plaintiff in getting this machinery back to its place was $25; that all this property was taken by the officer, and is now in possession of the plaintiff; and that the property specially described in the deed and also in the complaint belongs to the plaintiff."

The jury, by direction of the court, returned the following verdict: "We find for the plaintiff; that the plaintiff was owner of all the property described in the amended complaint except the blower; that the same was of the value of $800; that the defendant wrongfully took possession of all the belts, shafting, pulleys, boxes and cups, tin tubing and dividers, hangers, belt-shippers, lathe-chucks, center rests, bolts, box caps, face plate, and cast-iron plates, and detained the same from the plaintiff, and that the value of the same is

$400; and that the plaintiff's damages for such taking and detention were $25; and that the plaintiff is entitled to all the property described in the complaint except the blower."

Judgment was entered pursuant to the verdict; and the defendant appealed therefrom.

For the appellant there were briefs by *Smith & Rogers*, and oral argument by *Mr. Smith:*

1. All the articles described in the original complaint were fixtures, and were comprised in the general term "premises," the possession of which the defendant reserved for thirty days from the date of the deed. In directing a verdict for this property, the court must have assumed that all these articles had been severed from the realty by the defendant; for such severance alone would make them the personal property of the plaintiff, and permit. him to recover the possession of them by replevin.· *Farrant v. Thompson*, 5 Barn. & Ald., 826; *Mooers v. Wait*, 3 Wend., 104. But there was no evidence in the case from which the court could say that such was the fact. 2. An action of replevin can never be resorted to for the purpose of trying the title to real estate. Here the defendant was in possession, claiming and having a right to be, and claiming that he owned all such portion of the premises as was not specifically described in the deed he had given. See *Snyder v. Vaux*, 2 Rawle, 423; *Halleck v. Mixer*, 16 Cal., 575; Wells on Replevin, sec. 83; *Page v. Fowler*, 28 Cal., 605; *Anderson v. Hapler*, 34 Ill., 436; *Brown v.·Caldwell*, 10 S. & R., 114. The purpose of this action must be to obtain a judgment that the plaintiff owns the ᾽machinery in the᾽ shops, that which is not specifically described in the deed, as well as that which is. But such machinery is a part of the realty, and a determination as to its ownership is trying the title to land. 3. The true construction of the deed is, that it conveys to the grantee the several articles of tools, patterns and stock which it mentions, the lots and buildings, the several machines described by

name, and whatever was an essential part of each machine. All the remainder of the tools, stock, machines and fixtures and appliances which had been used in the factory for carrying on the business there, was reserved to the grantor. No other construction will account for the language used. The parties knew, at the time, the exact situation of the factory, and that, besides the articles described, it contained a large number of other machines and a large amount of shafting, belts, pulleys and appliances for distributing power. A conveyance of the lots would have carried with it all the fixtures. Why should they then proceed to enumerate trade fixtures and appliances, by name, if the intention was not to exclude all that were not specifically mentioned? The articles claimed were such trade fixtures as an out-going tenant, formerly at least, might have removed. 2 Smith's L. C., 252. They were all things attached to the building for the purpose of carrying on a trade, and not for the benefit of the inheritance; and all of them were such trade fixtures as might become personal property by agreement of the parties. *Tifft v. Horton*, 53 N. Y., 377; *Hare v. Horton*, 5 Barn. & Ad., 715; *Pray v. Great Falls Man. Co.*, 38 N. H., 442; *Cooper v. Walker*, 4 B. & C., 36; Broom's Leg. Max., 650; Ewell on Fixtures, 310, 311; Amos & Ferard on Fixtures, 219; 2 Smith's L. C., 286-7; *Pratt v. Whittier*, 21 Am. Law Reg., 49; *Ford v. Cobb*, 20 N. Y., 344. Such an interpretation must be given to the deed, if possible, as will give some force or effect to all the language used. *Hazleton Coal Co. v. Buck Mountain Coal Co.*, 57 Pa. St., 301; *Baron v. Placide*, 7 La. Ann., 229; *Metcalf v. Taylor*, 36 Me., 28. And no words are to be treated as redundant if any meaning reasonable and consistent with other parts can be given them. *Heywood v. Heywood*, 42 Me., 229. If the deed be construed otherwise than as here contended, everything except the description of the land and the enumeration of the hand blacksmith tools is rejected as redundant. The fact that, under the deed, the

grantee was to have the right to remove all property "not hereby specially conveyed," shows that something was reserved to the grantor, and that what was reserved was a part of the fixtures; for it needed no reservation to enable the grantor to remove articles merely personal.

*H. W. Chynoweth*, for the respondent, as to the construction of the deed, cited *Pullan v. C. & C. A. L. R. R. Co.*, 4 Biss., 35; *Metropolitan Counties, etc., Society v. Brown*, 26 Beav., 454; *Mather v. Fraser*, 2 Kay & J., 536; *Haley v. Hammersley*, 3 De G., F. & J., 587; 1 Dart on V. & P., 535, note x; 1 Fisher on Mortgages, 30; 1 Watson's Compendium of Equity, 643; *Platt v. Lott*, 17 N. Y., 478. The language reserving to the grantor the right to remove property not specifically conveyed is contained in the *habendum*, and cannot limit or restrict the grant. 2 Bl. Comm., 298; *Doe ex dem. Leicester v. Biggs*, 2 Taunt., 113; *Goodtitle v. Gibbs*, 5 B. & C., 709.

Lyon, J. It appears by the evidence that the defendant removed the property, which, under the direction of the court, the jury found he wrongfully took possession of, from the building conveyed by him to the plaintiff, and had loaded a considerable portion of it on a railway car, for transportation, when the writ of replevin was served. Although the property had been theretofore fixtures and part of the realty, by the act of the defendant it became personalty subject to seizure under a writ of replevin. If any of such property belonged to the plaintiff, we find nothing in his deed from the defendant which gave the defendant the right to the possession of it, although removed within the thirty days specified therein, or which deprived the plaintiff of the right to its immediate possession. During that thirty days both parties had a possessory right in the premises for certain purposes; but the defendant reserved no right to remove from the building any property which he conveyed

to the plaintiff, or to interfere therewith any further than was necessary for the purpose of removing the property excepted from the conveyance. The learned circuit judge so held, and overruled an objection on behalf of the defendant to the admission of any testimony under the complaint. We think the ruling correct.

We think, also, that it was not error to permit the plaintiff to amend his complaint on the trial. That rested in the sound discretion of the trial judge, and there is nothing in the record which suggests the possibility that such discretion was abused or improperly exercised in the allowance of the amendment. The controversy in this action is confined by the pleadings to the question of ownership of the shafts, pulleys, belts and cupola removed by the defendant. No answer having been interposed to the amended complaint, there is no issue as to the ownership of the articles added to the complaint by the amendment. *Kelly v. Bliss*, 54 Wis., 187. The solution of the above question depends upon the construction of the deed executed by the defendant to the plaintiff. This instrument, like all other written covenants and agreements, is to be construed in accordance with the intention of the parties thereto; and such intention is to be ascertained from the language they have employed in the instrument, if that be unambiguous. It seems to us that there is no ambiguity in such deed, but that it is sufficiently clear and explicit in its terms to enable a court to construe it without resorting to extrinsic evidence.

The deed in terms conveys to the plaintiff certain lots therein described, the buildings thereon, and certain specific property, consisting of fixtures connected with such buildings (which, if not excepted, would pass by a conveyance of the lots), and certain specified personal property in and about the premises. Were this all, we should have here the question whether the deed so written conveyed all the fixtures which would have passed by a simple conveyance of the lots

without specifying any fixtures therein, or whether the particular specification of some fixtures excludes from the operation of the deed all others not specified.   This question was very ably argued by the learned counsel, and many cases, both English and American, were cited by them in support of their respective positions.   It is not thought necessary to comment upon, or even cite, these cases, because there is another clause in the deed which, we think, clearly manifests the intention of the parties in respect to those fixtures upon the land conveyed not particularly specified in the deed.

As already stated, it is provided in the deed that the defendant should have the right to occupy the premises conveyed for thirty days next following the date of the deed, subject to certain possessory rights of the plaintiff.   The deed also contains this clause: " The said *Nathaniel T. Davies*, within said thirty days, to have the right to remove from said premises all property not hereby specially conveyed."   Considering this clause in connection with the specific enumeration in the deed of the articles expressly conveyed to the plaintiff, consisting both of trade fixtures and personal property (such as hand blacksmith tools and the like) we cannot doubt that the parties intended to deal with all of the fixtures as personal property, and that the clause above quoted excepted from the conveyance all trade fixtures upon the premises, as well as personal property, not specially enumerated.   It results, from what has been said, that the plaintiff can only recover the property specially enumerated in the deed.   No shafts are thus specified.   Hence we think that the main shafts are included in the exception in the deed.

For the same reason it may be that the cupola was also excepted.   But this is not entirely clear.   We understand from the testimony that the cupola is an iron cylinder used in the process of melting metal; that it is set in solid

masonry on the foundation of and partly under the chimney, with which it is closely connected, and is lined with mortar, which frequently burns out, and is replaced with new mortar. It may be that the cupola is so attached to and included in the structure of the building that it ceases to be a mere fixture, and becomes a part of the building itself. We do not determine this question. Whether the countershafts connected with the machines conveyed to the plaintiff were included in the enumeration, depends upon whether they constitute portions of such machines. If so, they passed to the plaintiff by the conveyance to him of the machines. This is a question of fact, and the testimony bearing upon it seems to be conflicting. Probably the question should have been submitted to the jury.

The deed specially conveys to the plaintiff "all belts and pulleys belonging to or connected with the machinery and machines situated in said building, and hereby conveyed." We are clearly of the opinion that this language includes all belts and pulleys used in the distribution of power from the engine to the machines enumerated. Certainly they are all connected with the engine and machines, and it may fairly and reasonably be presumed, from the language employed, that the parties intended they should pass by the deed.

It was found necessary to give a construction to the deed for the purpose of determining another question argued by the respective counsel, which will now be considered. It is claimed on behalf of the plaintiff that there are no sufficient exceptions to justify the reversal of the judgment, notwithstanding the plaintiff has recovered some property which really belonged to the defendant. We think the point is well taken. To the direction given the jury to return the verdict they did return, no exception was taken, and there was no motion for a new trial.

The bill of exceptions has been carefully examined to ascertain whether it contains any equivalent exception, but we

find none.   The nearest approach to it is an exception to the refusal of the court to give an instruction to the jury, proposed on behalf of the defendant, as follows: " Under the deed to the plaintiff, read in evidence, only the property specifically described in the deed passed to the plaintiff, and that specific description does not include ·the main line of shafting, nor the belts and pulleys upon the main line of shafting, except such belting as runs· from the main line of shafting directly to the machines conveyed, and the pulleys for the same."   This instruction is too broad.   It excepts from the conveyance to the plaintiff the belts and pulleys on the main shafts, and some of these, as we have already determined, passed by the deed.   As a whole, the instruction was properly refused, and the exception to such refusal is not available for any purpose.   *Racine Basket Manuf'g Co. v. Konst*, 51 Wis., 156, and cases cited.

Counsel for the defendant argued that the direction to return a verdict for the plaintiff is an order or determination which may be reviewed on appeal from the judgment, under R. S., p. 799, sec. 3070.   The section provides that, " upon an appeal from a judgment, as well as upon a writ of error, the supreme court may review any intermediate order or determination of the court below which involves the merits, and necessarily affects the judgment, appearing upon the record transmitted or returned from the circuit court, whether the same were excepted to or not; nor shall it be necessary in any case to take any exception or settle any bill of exceptions to enable the supreme court to review any alleged error which would, without a bill of exceptions, appear upon the face of the record."   These provisions have no application to rulings and determinations of the court which do not become part of the record proper.   If they are of such a character that it is necessary to settle a bill of exceptions in order to make them of record, they are not reached by the statute.   Unless excepted to they cannot properly be in-

serted in the bill. Otherwise we might have a bill of exceptions without exceptions, which is an absurdity.

The direction to the jury to return a specific verdict for the plaintiff is no part of the record proper. It can only be preserved in a bill of exceptions. Hence, the statute does not authorize a review of such direction on appeal, no exception thereto having been taken. Neither can we review the evidence and reverse the judgment because there is no proof to support the verdict in respect to the main shafts, because no motion for a new trial was made to the circuit court. It is admitted in the brief of counsel for defendant that such a motion is necessary to enable this court to review the testimony to ascertain whether it warrants the verdict. Such is doubtless the law, in cases determined by a jury. *Hayward v. Ormsbee*, 11 Wis., 3, and cases cited in Vilas & Bryant's notes.

All of the rulings of the court below on objections to the admission of testimony, which are worthy of notice, come under one general principle. These rulings excluded testimony of the intentions, acts and negotiations of the parties in respect to the sale and purchase of the property included in the deed under consideration, before the same was executed.

There is no latent ambiguity in the deed. Its terms are clear and explicit, and its construction could not be affected or aided by extrinsic evidence. The construction of the instrument was for the court, and not the jury. Hence, the offered testimony was properly excluded. If it would have sustained the construction we have given the deed, it was immaterial; if it would not have sustained our construction, it was incompetent. *Hubbard v. Marshall*, 50 Wis., 322; *Breed v. Ketchum*, 51 Wis., 164; *Brown v. Everhard*, 52 Wis., 205. In either case the rejected testimony was inadmissible. This rule, however, does not reject parol proof to show what belts and pulleys were used to distribute power

from the engine to the machines conveyed to the plaintiff, it having been determined that all such belts and pulleys passed by the deed, nor to show that the counter-shafts were parts of such machines.   These were questions of fact for the jury.

It follows that, although an erroneous construction was given to the deed, in one particular, at least, on the record before us we are powerless to correct the error. .

*By the Court.*— The judgment of the circuit court is affirmed.

Upon a motion for a rehearing there was a brief on behalf of the appellant by *Smith & Rogers*, his attorneys, with *F. J. Lamb*, of counsel.

The motion was denied September 19, 1882.