## ANSTEDT vs. BENTLEY.

*November 26 — December 16, 1884.*

*(1) Appeal: Review of evidence: Motion for new trial. (2) Fraud-
ulent sale: Consideration: Instructions. (3) Sale in contempla-
tion of assignment or insolvency, when void.*

1. Where there was no motion to set aside the verdict or for a new
trial, this court will not review the evidence to determine whether
it sustains the findings of the jury.

2. It appearing from the evidence that a sale was made upon a con-
sideration which if not adequate was nearly so, instructions to
the effect that a small discrepancy between the price paid and the
real value of the property is not evidence of fraud, and that the
sale should not be adjudged fraudulent as to creditors solely on
the ground that the consideration was not adequate, but that to so
regard it the jury should further find fraudulent intent on the part
of vendor and vendee, are held to have been proper.

3. Sec. 2, ch. 349, Laws of 1883 (providing that every sale of property
made by any insolvent debtor "within sixty days prior to the
making of any such assignment [for the benefit of creditors] *and
in contemplation thereof or of insolvency,* shall be void and of no
effect"), does not render any sale void unless an assignment is
actually made within sixty days thereafter, or (perhaps) unless
the sale was made in contemplation of an application by the
vendor for the benefits of the insolvent act. Whether in the latter
case the sale would be void, is not determined.

APPEAL from the Circuit Court for *Milwaukee* County. Action for the wrongful conversion of certain merchandise of the alleged value of $352. The plaintiff claimed title under a bill of sale to him from one F. W. Miller. The defendant, the sheriff of Milwaukee county, justified the taking under and by virtue of an attachment against the property of Miller, claiming that the sale to the plaintiff was fraudulent and void as to the creditors of Miller.

The evidence given at the trial and the instructions to the jury will sufficiently appear from the opinion. The jury, in a special verdict, found, among other facts, that Miller was insolvent at the time the bill of sale was made and delivered to the plaintiff, and that the latter knew or had good reason to believe that Miller was so insolvent; that the bill of sale was made by Miller, knowing that he was insolvent, and with intent to prefer the plaintiff over his other creditors, but that such intent was not known or participated in by the plaintiff; and that the bill of sale was not made by Miller or accepted by the plaintiff with intent to hinder and delay the creditors of the former. From the judgment entered upon the verdict, in favor of the plaintiff, the defendant appealed.

The cause was submitted for the appellant on the brief of *W. J. Turner*, and for the respondent on that of *Charles M. Bice.*

TAYLOR, J. This action was brought to recover the value of a quantity of personal property which the plaintiff claimed had been unlawfully taken from his possession and converted by the defendant. The defendant justified the taking of the goods as sheriff of Milwaukee county by virtue of an attachment issued against the property of one F. W. Miller, in an action between one George Dyer, plaintiff, and F. W. Miller, defendant, and alleges that the goods taken were the goods of said Miller, and not the goods of the plaintiff. A trial was had upon the merits in the circuit

Anstedt vs. Bentley.

court before a jury, and a special verdict was taken. After the special verdict was found by the jury, both parties moved for judgment upon such verdict, and upon such motions the court ordered judgment in favor of the plaintiff for the value of the goods taken by the defendant. No motion to set aside the verdict or for a new trial was made in the court below upon the ground that the verdict was not sustained by the evidence, or upon any other ground. · After judgment was entered by the plaintiff the defendant appealed therefrom to this court.

The defendant having moved for judgment in the court below upon the special verdict, and no motion having been made in that court to set aside the findings of the special verdict on the ground that they were not sustained by the evidence, this court will not, upon this appeal, look into the record for the purpose of determining whether such findings are sustained by the evidence. The findings of the special verdict in such case must be taken as sustained by the evidence, and the only questions to be inquired into upon an appeal from the judgment are the errors, if any, arising upon the trial in the admission or rejection of evidence, in the instructions of the court to the jury, or otherwise in the conduct of the trial. *Kirch v. Davies*, 55 Wis. 287; *Hayward v. Ormsbee*, 11 Wis. 3; *Wheeler v. Pereles*, 43 Wis. 341. The learned counsel for the appellant, in his brief and argument, recognizes this state of the case; he does not raise any question upon the evidence, and only assigns as errors certain instructions given by the court to the jury.

The only instruction given to the jury by the learned judge to which any exception is taken by the counsel for the appellant and assigned as error in this court, is the following: "I further instruct you, gentlemen of the jury, that the bill of sale in this case must not be adjudged fraudulent as to. creditors solely on the ground that it was not founded on adequate consideration, even if you should so find; but you·

must further find, in order to regard it as fraudulent against creditors, that it was given by the vendor, Miller, with such fraudulent intent, and that the same was known and accepted by the plaintiff to aid in such fraudulent intent." This instruction was properly given, when applied to the facts in this case. There was no question in the case as to whether the conveyance was made voluntarily and without any consideration as a mere gift. The only question was whether the bill of sale was a fraudulent one, intended to hinder or delay creditors. The evidence clearly shows that it was made upon a valuable consideration, and if not upon a full consideration, certainly upon a consideration so nearly a full one as not in itself to be conclusive evidence of a fraudulent intent. This is all the learned circuit judge intended to or did convey to the jury by this instruction. This is evident from the fact that the learned judge, immediately before giving the instruction now complained of, gave the following instruction, which was also excepted to but not assigned as error in this court, viz.: "You are further instructed, gentlemen of the jury, that a small discrepancy between the price paid, or in this case the amount of plaintiff's bill against said Miller, and the real value of the property conveyed, is no evidence of fraud between the parties. In order to find fraud it must appear to your satisfaction from the evidence that the difference between the value of the property conveyed and the amount of plaintiff's bill was gross, or such as would strike you as out of the ordinary course of dealing between man and man; and in arriving at your conclusion upon this point you must take into consideration all the surrounding circumstances affecting the price of goods, such as the probable expense of converting the same into money, the condition of the market for such goods, as well as the condition and situation of the goods." Immediately following this instruction is the one above quoted, to which exception was taken, and which

Anstedt vs. Bentley.

is alleged to be erroneous upon the argument in this court.

Taking the two instructions together and there is no error. The instruction excepted to was justified under the statutory rule that fraudulent intent is a question of fact and not of law. Sec. 2323, R. S. 1878; *Hyde v. Chapman*, 33 Wis. 391, 399. I have examined the charge of the learned circuit judge in this case, and am satisfied that it submitted the case to the jury fully and fairly, and not in a way which tended to the prejudice of the defendant; and although, from a careful reading of the evidence as it appears in the record, we might feel inclined to find fault with some of the facts as found by the jury, we do not think such findings can be attributed in the least to the instructions given by the learned circuit judge.

The learned counsel for the appellant claims that the circuit court erred in overruling his motion for judgment upon the special verdict. This contention on the part of the appellant is based upon that part of the special verdict which finds that the bill of sale made by Miller to the plaintiff was made by him when he knew he was insolvent, and with intent to prefer the plaintiff over his other creditors. The second and sixth questions answered by the jury are the basis of the defendant's claim for judgment in his favor. The questions are as follows: (2) " Did the vendee, *Anstedt*, know or have good reason to believe that the vendor, Miller, was insolvent at the time he received the bill of sale from him?" (6) "Was the bill of sale of November 10, 1883, made by said Miller knowing that he was insolvent, and with intent to prefer plaintiff over his other creditors?" The jury answered both these questions in the affirmative.

It is contended by the learned counsel for the appellant that these findings of fact by the jury render the sale void as to other creditors, under the provisions of ch. 349, Laws of 1883. Sec. 1 of said chapter reads as follows: " Any and

all assignments hereafter made for the benefit of creditors, which shall contain or give any preference to one creditor over another creditor, except for the wages of laborers, servants, and employees, earned within six months prior thereto, shall be void." Sec. 2 of said chapter, among other things, has the following paragraph: "Every sale, mortgage, hypothecation, lien, or other security of any name or nature, made, given, or executed of or upon his property, real or personal, by any insolvent debtor within sixty days prior to the making of any such assignment, *and in contemplation thereof or of insolvency,* shall be void and of no effect: provided, the vendee in such sale, or the person benefited thereby, or receiving such mortgage, hypothecation, lien, or other security, knew, or had reasonable cause to believe, such debtor insolvent. The assignee in any such assignment shall possess all the powers thereunder necessary to institute any action or proceeding to set aside and avoid any levy, sale, mortgage, hypothecation, lien, or security named in this section."

It is contended by the learned counsel for the appellant that this law renders every sale made by an insolvent debtor to one of his creditors, in payment of an existing debt, void, whether such sale be followed by an assignment or not; and he bases that construction of the act upon the words "and in contemplation thereof or of insolvency," and especially upon the words "or of insolvency." The learned circuit court held that this statute only made sales, etc., void by its provisions when such sales were, in fact, followed by an assignment by the debtor for the benefit of his creditors within sixty days after such "sale," etc. We are clearly of the opinion that the learned judge placed the proper construction upon this statute. To us it is apparent that the whole purpose of the act was to further regulate and control assignments made by a debtor for the benefit of his creditors; and that, where such an assignment was made,

Anstedt vs. Bentley.

to compel the making of it for the benefit of all creditors equally, except as provided in the first section; and that it was not the intention of the law to change the well-established rule that a debtor may pay one of his creditors in preference to another, either by a sale of his property or otherwise, even though such debtor be unable to pay in full all his debts.

The learned counsel for the appellant admits that such would be the necessary interpretation of the statute were it not for the words "or in contemplation of insolvency;" but he insists that, in order to give any force to these words, it must be held that the legislature meant to make every sale, etc., void when such sale is made by a debtor who knows of his insolvency to a creditor who also knows that fact. We think these words can very properly be construed to mean that when such "sale," etc., is made by the debtor in contemplation of his availing himself of the benefits of the state insolvent law (ch. 179, R. S. 1878); and that such sales, etc., would be void if he applied for a discharge of his debts under that law within the time limited by the act. This court held that the words "with a view to insolvency," in sec. 1, ch. 87, Laws of 1857, evidently had reference to the design of the insolvent debtor to avail himself of the benefits of the statutes in regard to insolvent debtors; and so, in the present statute, the words "in contemplation of insolvency" may be construed to refer to an intention on the part of the debtor to avail himself of the benefits of the insolvent laws of the state, and if, after making such sale or other disposition of his property under the circumstances set out in the statute, he afterwards applies for the benefits of such insolvent law, such sale, etc., might be held void, and the property so sold might go into the hands of the assignee for the benefits of all his creditors alike. But on this point we do not wish be understood as making a definite decision.

The statute only makes such sale, etc., void when made within sixty days previous to the making of an assignment for the benefit of creditors, and in contemplation thereof. ·If, therefore, no assignment be made within sixty days after such sale, the statute does not render the same void, even though made in contemplation of making such assignment; and if an assignment be made sixty-one days after a sale made in contemplation of such assignment, such sale is not rendered void by the act. It does not seem probable that the legislature would have restricted the effect of the act to a sale which was in fact followed by an assignment within sixty days, and at the same time enacted that every sale should be void, without limit, which was made by an insolvent debtor to a person knowing of his insolvency. It does not seem to us that there can be any reasonable doubt as to the construction of this statute, and that its effect is limited to sales, mortgages, etc., made by an insolvent debtor within sixty days of any assignment made for the benefit of his creditors, or when made in contemplation of applying for the benefits of the insolvent laws of the state. If made in contemplation of such application, when, how, and under what circumstances it may be declared void we need not determine. In this case there is not a particle of proof that the debtor contemplated making an application for the benefits of the insolvent laws of the state when he made the sale of his goods to the plaintiff; nor is there any proof that he made an assignment for the benefit of creditors within sixty days after such sale. If there had been an assignment within the sixty days, the sale, if void only for the reasons stated in the act, would not be a ground for a recovery on the part of a creditor, but only on the part of the assignee. In any view of the case there was no proof to bring the case within the statute.

*By the Court.*—The judgment of the circuit court is affirmed.