ROSENTHAL, Appellant, vs. VERNON, Respondent.

*February 26 — March 17, 1891.*

*Appeal: What may be reviewed: Practice: Fraud a question for the jury.*

1. A direction by the trial court that the jury find for the defendant, if made a part of the verdict, and without objection embodied in the bill of exceptions, may be reviewed upon appeal, though it was not excepted to.

2. In an action by a mortgagee of part of a stock of goods against an officer, for levying thereon as the property of the mortgagor, where the evidence showed that the mortgagor was the plaintiff's father-in-law, that the goods were kept in his store, where he continued to do business as a merchant, but did not show that he did sell those goods, or that plaintiff had agreed that he might do so, nor conclusively what the agreement between them was, *held*, that the question whether the mortgage was fraudulent was one for the jury, and the court erred in directing a verdict for the defendant.

Rosenthal vs. Vernon.

APPEAL from the Circuit Court for *Rock* County.

The case is fully stated in the opinion.

For the appellant there was a brief by *Rogers & Hall*, and oral argument by *F. W. Hall*. To the point that upon a motion to direct a verdict, as upon one for a nonsuit, the court is bound to give the evidence against the moving party the most favorable construction possible, they cited *Imhoff v. C. & M. R. Co.* 22 Wis. 681; *Spensley v. Lancashire Ins. Co.* 54 id. 433; *Fitts v. Cream City R. Co.* 59 id. 323; *Johnson v. C. & N. W. R. Co.* 56 id. 274; *Haley v. Western Trans. Co.* 76 id. 344; *Bouck v. Enos*, 61 id. 660; *Hoye v. C. & N. W. R. Co.* 67 id. 14; *Bridger v. Asheville & S. R. Co.* 25 S. C. 24; *Wood v. Ill. Cent. R. Co.* 23 Ill. App. 370; *Benham v. Purdy*, 48 Wis. 99. Where the invalidity of a chattel mortgage does not appear upon its face, the question whether it is fraudulent is one for the jury. *Place v. Langworthy*, 13 Wis. 629; *In re Kahley*, 2 Biss. 388; *Steinart v. Deuster*, 23 Wis. 136; Jones, Chat. Mortg. secs. 337, 401.

For the respondent there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *E. P. Vilas*. They contended that the supreme court could not review the order directing a verdict, because not excepted to so as to become a part of the record. *Kirch v. Davies*, 55 Wis. 298; *Koenigs v. Jung*, 73 id. 178; *Geisinger v. Beyl*, 71 id. 362. The only question is whether the verdict is sustained by the evidence, and that shows the mortgage to be fraudulent. *Blakeslee v. Rossman*, 43 Wis. 116. The question of fraud in this case is one of law. *Anderson v. Patterson*, 64 Wis. 557; *Southard v. Benner*, 72 N. Y. 424; *Wilson v. Voight*, 9 Col. 614; *Butts v. Peacock*, 23 Wis. 359; *Anderson v. Wehe*, 62 id. 401.

ORTON, J. The plaintiff complains that he was the owner and entitled to the possession of a stock of dry

goods situated in a store building used and occupied by one Samuel Blascoer, in the village of Marshall, Dane county, and that on the 15th day of February, 1889, the defendant unlawfully and wrongfully took possession of said goods, and converted the same to his own use, to the plaintiff's damage of $2,000. The defendant answered that he took said goods as sheriff of Dane county, by virtue of two writs of attachment in favor of certain creditors of the said Blascoer, and against him as the owner of said goods, and in possession thereof in his place of business in said store building; and that he is informed that the plaintiff claims to be the owner and entitled to the possession of said goods by virtue of a chattel mortgage dated the 1st day of February, 1889, and filed the next day thereafter, executed thereon by the said Samuel Blascoer to him; and that said mortgage is void as to the plaintiffs in said attachments, and other creditors of said Blascoer.

This statement of the pleadings sufficiently shows the nature of the issue tried in the action. The defendant attempted to show said mortgage void as to the creditors by the cross-examination of the witnesses of the plaintiff, and particularly by the cross-examination of the plaintiff and the said Blascoer, as well as by affirmative testimony, and the plaintiff introduced rebutting testimony on that issue. The proceedings of the trial and the testimony were made matters of record by a bill of exceptions, by which it appears that, at the conclusion of the testimony on both sides, the court, on motion of the defendant, directed the jury to render a verdict for the defendant on the ground that said mortgage is fraudulent and void. The plaintiff has appealed from the judgment.

The contention of the learned counsel of the appellant is that the court had no right to take the case from the jury, and to direct a verdict. This was a very unusual proceeding in such a case. The statute makes the question of in-

Rosenthal vs. Vernon.

tent to defraud one of fact, and the facts bearing on the question in nearly all cases ought to be submitted to the jury. Unless there is some infirmity in the instrument itself, or some fact established by uncontradicted evidence that makes it absolutely void as a question of law, it is safe to say that the court usurps the powers and province of the jury in delaring it void and directing a verdict. It is claimed by the learned counsel of the respondent that the testimony shows that there was an agreement between the appellant and said Blascoer that he (Blascoer) should continue to treat the goods as before, and sell the same, and use the proceeds for the support of himself and family, and pay nothing on the mortgage until he should be able to do so sometime in the future, and that, therefore, the mortgage is void as a matter of law. If there is such testimony in the case, the court was then warranted in declaring the mortgage void, and directing a verdict for the defendant. If there was no direct and positive evidence of such an agreement, or evidence of such facts, that no other inference or conclusion could reasonably be drawn from them, then the case rests upon the facts and circumstances from which the jury may or may not find an intent to defraud. The case of *Anderson v. Patterson*, 64 Wis. 557, perhaps goes as far as any in implying such a contract from the conduct of the parties. The mortgagee was present, and knew that the mortgagor was treating the property as before, and selling and using the proceeds, and treating it in all respects as his own, without respect to the mortgage, and, by not objecting, assented to it. Such conduct was treated as conclusive evidence that there was such an understanding between the parties, and a conclusive inference of fraud could be drawn from it. There was no testimony whatever that any such contract was made by the parties, and there was no evidence that the plaintiff knew that Blascoer was selling any of the mortgaged property, or dealing with it as his own. There was

some evidence that the plaintiff supposed that Blascoer would .keep his store open, and buy and sell, and that he would not be able for some time to pay anything on the .mortgage, and that he would have to live on the business of his store. It must be considered, however, that the mortgage did not cover his whole stock in trade, but only most of the dry goods, and that the stock consisted also of groceries, corsets, cloaks, and caps, not included in the mortgage. There was no evidence as to whether Blascoer sold any of the goods mortgaged, and what was said about his keeping the store open and selling goods, and using the proceeds, may as well be referred to that part of his stock not mortgaged, and his business in respect thereto. There was testimony as to his selling groceries, and he had the right to sell them, and he selected groceries as his exemption. There was not only no testimony that any such contract or understanding was made or had between the parties, but the plaintiff testified repeatedly that there was none. His testimony may have shown that he did not wish to push Blascoer for his money, and that he was willing to. indulge him, but not to the injury of his security. He all the time insisted that he must be kept secure in his mortgage.

There was no testimony that showed that the debt secured by the mortgage was not real and *bona fide.* There were some facts that may have cast suspicion upon the transaction, but there were none that were conclusive of fraud. Blascoer was the father-in-law of the plaintiff, but that fact alone raises no presumption of fraud. *Stevens v. Breen,* 75 Wis. 598. That the mortgagor is permitted by the mortgagee to sell the goods by retail is not in itself conclusive of fraud. *Frankhouser v. Ellett,* 22 Kas. 127, 31 Am. Rep. 171. The evidence in some respects is contradictory, and involves the credibility of witnesses. In every respect this was a proper case to be submitted to the jury,

and in no respect was it proper to be decided by the court. The intent to defraud was a question of fact, and there was no other question. It was a case in which even the jury ought to "give to all the facts and circumstances the construction most favorable to the plaintiff that they will legitimately bear, including all reasonable inferences to be drawn from them." *Hoye v. C. & N. W. R'y Co.* 62 Wis. 671; *Bouck v. Enos,* 61 Wis. 666. The question of fraudulent intent, where the transaction is equivocal and different inferences may be drawn as to its character, or where there is conflicting evidence as to the good faith of the transaction, or rests upon extrinsic facts, is a question for the jury, and not for the court. Jones, Mortg. § 330. It is sufficient in this case that there was no conclusive evidence that there was any agreement or understanding that the mortgagor should continue to treat the goods as his own, or as he did before, or that he had any secret trust in them, and the case should have been submitted to the jury. We have no space to do more than to state the effect of the evidence, and what it did not prove.

It is objected by the learned counsel of the respondent that no exception was taken to the direction of the court that the jury render a verdict for the defendant, and that, therefore, such direction cannot be assigned or considered as error to reverse the judgment; and cites *Kirch v. Davies,* 55 Wis. 298, as authority. The case cited seems to be in point. The learned counsel of the appellant do not notice this point in their brief. No exception appears on the record or papers returned. But this direction of the court appears as a part of the bill of exceptions. There seems to have been no objection by the counsel of the respondent to making it matter of record by the bill of exceptions, the same as if an exception had been taken to it. But, besides this, this direction of the court is made a part of the verdict, and embodied in it. The verdict is a part of the rec-

ord, and contains this erroneous direction. It may therefore be reviewed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.