HOLUM, Administrator, Appellant, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

*September 30 — October 20, 1891.*

*(1, 2) Railroads: Unguarded frogs: Contributory negligence.   (3) Appeal: Exceptions: Direction of verdict.*

1. Leaving a frog in its track unguarded is not such negligence on the part of a railroad company as will, at common law, render it absolutely liable for injuries resulting therefrom, regardless of the contributory negligence of the person injured.

2. Ch. 123, Laws of 1889,— requiring every railroad company to erect and maintain guards or blocks at every frog, and providing that the company shall be liable for all damages sustained by reason of its failure to do so, whether the person injured be an agent or servant of the company or not, and notwithstanding such failure may occur through the negligence of any other agent or servant thereof,— does not take away the defense of contributory negligence.

3. The direction of a verdict is no part of the record proper, and, to be reviewable on appeal, must have been excepted to and the exception preserved in a bill of exceptions.

APPEAL from the Circuit Court for *Dane* County.

This is an action for damages sustained by reason of the death of Nels B. Johnson while in the employ of the defendant as brakeman on its road between Portage and La

Crosse, at Tomah, between 9 and 10 o'clock on the evening of April 6, 1889. The particular negligence alleged is that the defendant recklessly and carelessly neglected and omitted to keep the frogs in the track at that place blocked and guarded as required by law, and as was its duty to do, whereby the foot of said Johnson became caught in the frog, and consequently the car violently struck him to the ground, and ran over him, and thereby crushed, bruised, and mangled him, from which he died.

The answer consists of admissions and denials, and alleges that the deceased was well acquainted with and knew the condition of the tracks, switches, and road-bed in Tomah, and on the whole line, at the time, and voluntarily assumed and undertook the risk and hazard incident to his employment, and that the injury was caused by his own contributory negligence.

At the close of all the testimony the counsel for the defendant requested the court to direct a verdict in its favor, whereupon the court stated: "I think it must be taken as an established fact in this case that Nels Johnson had full knowledge of the dangers and risks incident to his employment by reason of the use of frogs in that railroad. That being the case, and the train being in his charge, and it appearing by the undisputed testimony that he deliberately put himself in a dangerous place that he could have avoided by ordinary care, I feel compelled to grant the motion to direct a verdict." He then said to the jury: "Under the motion I have decided the case, but, to make the record complete, I instruct you to find a verdict for the defendant. Of course, the court assumes that responsibility. It is merely a matter of form to make the record complete." Thereupon the jury returned a verdict to the effect that they found for the defendant by direction of the court. From the judgment entered upon that verdict the plaintiff appeals.

*I. C. Sloan* and *John Ollis*, for the appellant.

For the respondent there was a brief by *John T. Fish* and *Gregory & Gregory*, attorneys, and *Burton Hanson*, of counsel, and the cause was argued orally by *Burton Hanson* and *J. C. Gregory.* To the point that the defense of contributory negligence was not excluded by ch. 123, Laws of 1889, they cited *Curry v. C. & N. W. R. Co.* 43 Wis. 665; *Ryan v. Long Island R. Co.* 4 N. Y. Supp. 381; *Spiva v. Osage C. & M. Co.* 88 Mo. 68; *Messenger v. Pate,* 42 Iowa, 443; *Reynolds v. Hindman,* 32 id. 146; *Ryalls v. Mechanics' Mills,* 150 Mass. 190; *Foley v. Pettee Mach. Works,* 149 id. 297; Wood, M. & S. 789; 2 Thomp. Neg. 998.

CASSODAY, J. As indicated in the opinion of the trial judge, contained in the foregoing statement, it appears from the undisputed evidence that the engine and cars were, at the time of the accident, under the control and management of the deceased as such brakeman. He gave the signals for the moving of them with his lantern. It also appears from the undisputed evidence that he gave the wrong signal, and failed to give the right signals, which would have made it safe for him to couple the cars; that about the same time his foot unfortunately got caught in the frog; that the result was that the car came upon him, and crushed him.

Counsel for the plaintiff contends that it was negligence *per se* in the defendant to thus leave the frog unblocked and unguarded; and that such negligence made the defendant absolutely liable, regardless of the contributory negligence on the part of the deceased. Counsel cites no decision or authority for the existence of such a rule at common law. We are not aware that such a question has ever been presented to this court, notwithstanding the accidents which have happened by reason of the foot being thus caught in a frog. A few years ago the learned counsel for the plaintiff argued such a case in this court, where such a principle

of law would have made his success certain, but he gave us no intimation that any such rule of law existed. *Townley v. C., M. & St. P. R. Co.* 53 Wis. 626. Obviously there never has been any such rule at common law. But counsel really invokes the propriety of such a rule in aid of a construction which he desires to have given to ch. 123, Laws of 1889, which went into effect a few days prior to the accident in question. That act requires every railway company operating any railroad in this state to erect and maintain sufficient guards and blocks at the front and rear of every frog in the track of such road, and inflicts a penalty for any violation or failure so to do; and also provides that such company " shall, in addition, be liable to the person injured *for all damages sustained thereby*, whether the person so injured shall be a servant or agent of such corporation or not, and notwithstanding that such violation or failure shall arise or occur through the negligence of *any other* agent or servant thereof."

Under this statute it is strenuously contended that the defendant is absolutely liable in this action, regardless of the contributory negligence on the part of the deceased; and, in support of such contention, he relies principally upon *Quackenbush v. W. & M. R. Co.* 62 Wis. 411. The language of the statute under which absolute liability was there held, was to the effect that, until the fences and cattle-guards should be made, the company should " be liable for all damage  .  .  . occasioned *in any manner*, in whole *or in part*, by the want of such fences or cattle-guards." Sec. 1810, R. S. Prior to that language being incorporated into the Revised Statutes, the statute was simply to the effect that, until such fences and cattle-guards should be duly made, the railroad company should " be liable for all damages which shall be  .  .  . occasioned by the failure to erect such fences or cattle-guards " as therein required. Sec. 30, ch. 119, Laws of 1872. In construing the language of that act, in an elaborate opinion by RYAN,

C. J., he concluded by saying: "The rule of this court must be taken as sustaining the defense of contributory negligence to actions against railroad companies for injuries occasioned by failure either to erect or to maintain fences on the line of their roads as in other actions for negligence." *Curry v. C. & N. W. R. Co.* 43 Wis. 683. Such ruling was probably the occasion for the amendment of that statute so as to take away the defense of contributory negligence in certain cases. That case has never been overruled, but was expressly sanctioned in *Johnson v. C., M. & St. P. R. Co.* 29 Minn. 428; and recognized as binding in the case thus cited and relied upon by counsel. 62 Wis. 416. We have no doubt of the correctness of such ruling.

Upon the act in question, the right to the defense of contributory negligence is still more apparent; for, by indicating that such right of action should not be defeated by reason of "the negligence of *any other* agent or servant" of the company, we may fairly imply that the legislature did not intend to take away the defense of contributory negligence. Especially should this be so in view of the decision of this court in *Curry v. C. & N. W. R. Co.* 43 Wis. 683. We must, therefore, hold that the contributory negligence of the deceased was such as to defeat a recovery in this action.

Besides, there appears to be no exception in the record to the direction of the verdict in favor of the defendant. Such direction was no part of the record proper, and hence, to be reviewable on appeal, should have been excepted to, and such exception should have been preserved and incorporated into the bill of exceptions. This rule has frequently been sanctioned by this and other courts. *Kirch v. Davies,* 55 Wis. 287; *Anstedt v. Bentley,* 61 Wis. 629; *Geisinger v. Beyl,* 71 Wis. 361; *De Lendrecie v. Peck,* 48 N. W. Rep. (N. D.), 342.

*By the Court.*— The judgment of the circuit court is affirmed.