WHEELER, Respondent, vs. SEAMANS, Appellant.

*December 15, 1904—January 10, 1905*

*Trial: Directing verdict: Appeal and error: Exceptions, when properly taken: Compromise and settlement: Mutual mistake: Evidence.*

1. Where the court directs a verdict, a motion for a new trial is not necessary to permit the appellate court to consider whether the evidence supports the verdict.

2. An exception should be taken to the effective act of the court, and not to a mere expression of opinion preliminary thereto.

3. The record on appeal showed that the trial judge, in declaring his views on a motion for direction of a verdict, closed with the announcement that he found no evidence which would warrant a submission of the case to the jury, at which point the record stated: "To which ruling the defendant then and there duly excepted." This was followed by a formal statement from the court to the jury, the direction of a verdict, and direction to one of the jurymen to sign it as foreman. No further exception appeared. *Held,* that the exception taken, though interpolated before the effective ruling of the court, should be deemed to apply to the act of directing the verdict.

4. In an action on a due bill given in settlement of partnership accounts, the evidence, stated in the opinion, is *held* to sustain the claim that the settlement was based on a mutual mistake as to conceded liability.

APPEAL from a judgment of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. : *Reversed.*

Some time prior to April, 1903, plaintiff withdrew from partnership with the defendant in a newspaper and printing.

business, leaving in the latter's hands a considerable amount
of current ledger accounts, subject to offset and uncertainty
as to collectibility, and also about $228 of so-called directory
accounts, due for advertisements to be inserted in a directory
which the firm had in process of issue. As to the latter, it was
agreed that plaintiff should receive one fourth; the defendant
being to the work of completing the issue of the directory and
collecting. As to the general ledger accounts, they were under-
stood to belong equally to both, subject to any indebtedness of
the firm. Defendant collected, and from time to time divided
with plaintiff, the proceeds of general accounts, until about
April 4, 1903, when plaintiff again inquired what moneys
had been received, and the parties met at defendant's office to
go over the accounts. It was found that the defendant had
collected $60.68 of ledger accounts, above certain bills paid,
leaving uncollected accounts of about $149, of uncertain
value, and involved by unknown offsets; also directory ac-
counts aggregating $176.90, of which the plaintiff's share
would be $44.20. As to his right to one half of the $60.68
and the whole of the $44.22, there was no question. There-
upon plaintiff proposed that defendant buy him out, and,
after some chaffering, defendant offered to give him $125 in
full settlement of all the plaintiff's rights in the accounts of
both classes, which plaintiff accepted, whereupon defendant
gave a duebill for that amount. This action was brought,
based upon the settlement and the duebill. Defendant
claimed a mistake, in that, before proceeding to negotiate as
to a gross price for purchase, it was mistakenly assumed
by him, to the knowledge of the plaintiff, that the conceded
indebtedness consisted of $60.68 and $44.22, or a total of
$104.90. This was denied by plaintiff, and, after a trial to
a jury, the court directed a verdict in favor of the plaintiff
for the amount of the duebill, less the conceded sum of $94.69,
which the defendant had paid him, viz., $30.31. There was

no motion for a new trial, and judgment was entered in accordance with this verdict, from which the defendant appeals.

For the appellant there was a brief by *Ed. C. Gottry* and *G. Stevens,* and oral argument by *Mr. Gottry.*

For the respondent there was a brief by *Grotophorst, Evans & Thomas,* and oral argument by *E. A. Evans.*

DODGE, J.    Respondent urges that we cannot consider whether the evidence supports the verdict, for the reason that no motion for new trial was made.    In this counsel labor under a misconception.    We have no occasion to consider whether the verdict is supported, but whether the ruling of the court directing such verdict was right or wrong.    Since that direction can be proper only in case there was no evidence which, if believed by the jury, might have supported a different verdict, its correctness can be established only by examining the evidence, to the extent, at least, of ascertaining whether there was any to the contrary.    If so, the ruling is error, though there be abundant evidence to support the verdict if it had been rendered by the jury.    Such ruling made in course of the trial can, of course, be reviewed, if exception to it be preserved, and it, with the exception, be brought into the record by bill of exceptions.

It is further urged, however, that no exception was taken to the direction of a verdict.    This, if true, would certainly be fatal.    *Holum v. C., M. & St. P. R. Co.* 80 Wis. 299–303, 50 N. W. 99.    We find some support for this contention. Upon plaintiff's motion for such direction, the court declared his views as to the rules of law governing him thereon, and as to the evidence; closing with the announcement that he could find none to show mistake on defendant's part which would warrant a submission of the case to the jury.    "To which ruling the defendant then and there duly excepted," says the record.    The court continued, by a formal statement,

that he found no evidence to warrant submission of the case to the jury, and that it became his duty to direct a verdict for plaintiff, whereupon he directed one of the jury to sign such verdict as foreman. No further exception appears. This presents very much the appearance of a failure to except to the only act which could prejudice the defendant, namely, the direction of a verdict. A mere academic discussion and expression of opinion by the court is not prejudicial, save as it might mislead the jury. It is only where that opinion is carried into effect, as by admitting evidence, or, as here, in directing a verdict in pursuance of it, that a party's rights suffer. Strictly, the exception should be taken to that effective act, and not to the mere expression of opinion. In the present instance, however, the conduct of the trial court in expressing his reasons and giving the resulting direction were so continuous—so all one act—that, with some hesitation, we hold that this exception, though interpolated before full consummation, must be deemed to apply to the act itself. We think it must have been so understood by the trial judge and opposing counsel, so that it served to notify the former that appellant protested the act as erroneous, so as to give opportunity for correction, and also notified him that appellant intended to preserve his right to challenge that act on appeal. These are the real, practical purposes of noting an exception. We conclude, therefore, that the merits of this ruling are before us for review.

Turning to defendant's testimony, we find him to declare that, after ascertaining first that the total ledger collections were $60.68, that figure was set down by each on the sheet on which the list of such collections had been set down and added up. Thereupon, on another sheet, were put down the various directory accounts collected; total of $176.90 reached; that divided by 4, and the result, $44.22, as plaintiff's share, found; then carried to first sheet, and added to the $60.68; making total of $104.90. That, of course, on its face,

was a blunder, for only half of the $60.68 should have been added to the $44.22. At this stage plaintiff asked defendant to make him an offer to buy out all his interest, and, after some offers by plaintiff, defendant said, "Let's see what I owe in cash first," and one or the other said, "There is $60.68 and $44.22 cash collected; that amounts to $104.90." "It was said I owed him $104.90. We both figured I owed him $104.90." Thereupon defendant offered $125, which plaintiff accepted. This is in large measure contradicted by plaintiff, but receives some confirmation from the sheets of paper on which plaintiff made figures at that time, which shows the figures "$60.68" and "$44.22" brought together on the first sheet and added together. Upon another sheet, whereon was made a list of the uncollected accounts, which were the only subject of compromise, there appears the total $104.90, with the words "due me"; thus indicating clearly that such erroneous total of conceded indebtedness was during the negotiation adopted by plaintiff. This evidence clearly tends to show that the offer of $125 by defendant was made upon the mistaken assumption that his conceded liability was $104.90, instead of $74.56, and that plaintiff knew it. That plaintiff also supposed the former to be the correct figure, is indicated by his entry of such fact at the time as above stated, so that the evidence tends also to show mutuality of the mistake. It hardly lies in plaintiff's mouth to ask a court to indulge in a presumption that, instead of being mistaken, he was guilty of a fraud, in knowingly allowing defendant to make the settlement, by mistake, upon a wrong basis. The conclusion is obvious that the case should have been submitted to the jury, and error was committed in directing verdict for plaintiff.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.