BEEBE, Respondent, vs. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY, Appellant.

*November 28—December 15, 1908.*

*New trial: Grounds: Statutes: Appeal: Review: Necessity of exceptions: Review of motion for directed verdict.*

1. Where a statutory motion for a new trial is made it should state the grounds upon which the motion was based, at least as specifically as they are mentioned in the statute.
2. No error can be predicated upon the refusal of a trial court to grant a new trial unless exception is taken to the ruling.
3. Sec. 3070, Stats. (1898), providing for review of intermediate orders without exceptions being taken or a bill of exceptions settled, applies only to orders which are a part of the record proper without being incorporated into the bill of exceptions, and does not apply to rulings or orders of trial courts granting or refusing motions to direct a verdict.
4. It is not necessary to make a motion for a new trial in order to review a ruling of the trial judge granting a motion for a directed verdict.
5. In the absence of a proper motion for a new trial and an appropriate exception to its denial, an order directing a verdict will not be reviewed unless it is excepted to.

APPEAL from a judgment of the circuit court for Rusk county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

This action is brought to recover damages for the killing of live stock on two separate occasions. At the close of the testimony the court directed a verdict for the plaintiff for the amount demanded in his complaint as amended at the trial. Defendant assigns as error the refusal of the court to grant its motion for a directed verdict and the granting of the plaintiff's motion for such verdict. Defendant urges that its motion to direct a verdict should have been granted because the notices of loss failed to state where the animals were killed, and one of them failed to state that satisfaction was claimed for the loss sustained, and, further, that the jury, upon the facts that might be legitimately considered by it, would be warranted in finding a lesser amount than that which it was directed by the court to find.

For the appellant there was a brief by *Leroy E. McGill* and *Alfred. H. Bright,* and oral argument by *John B. Sanborn.*

For the respondent there was a brief by *D. W. Maloney,* attorney, and *W. H. Stafford,* of counsel, and oral argument by *Mr. Maloney.*

Barnes, J.   The defendant did not except to the order or ruling of the court directing a verdict.   It moved for a new trial upon the minutes of the court, but failed to state any ground upon which it based its motion, and finally failed to take any exception to the order of the court denying the motion for a new trial.   This being the state of the record, counsel for plaintiff urges that there is nothing before the court for review.   If this court has authority to review the judgment in this case it must be on one of the following grounds: (1) The motion for a new trial is sufficient in form, and exception to the order refusing to grant the same is unnecessary; or (2) the order or ruling of the court in directing a verdict may be reviewed without exception and without a motion being made for a new trial.

1. The decided weight of authority in this court is to the effect that, where a statutory motion for a new trial is made, it should state the grounds upon which the motion was based, at least as specifically as they are mentioned in the statute. *Nisbet v. Gill,* 38 Wis. 657; *Slotcman v. Thomas & W. Mfg. Co.* 69 Wis. 499, 34 N. W. 225; *Collins v. Janesville,* 99 Wis. 464, 466, 75 N. W. 88; *Williams v. Williams,* 102 Wis. 246, 248, 78 N. W. 419; *Howard v. Beldenville L. Co.* 134 Wis. 644, 114 N. W. 1114, 1117.   No error can be predicated upon the refusal of the trial court to grant a new trial unless exception is taken to the ruling.   *Cotton v. Watkins,* 6 Wis. 629, 634; *Webster v. Modlin,* 12 Wis. 368.   We are unable to discover that the rule of practice enunciated in the two cases last referred to has ever been abrogated by statute or

by subsequent judicial decision. Outside of this state such rule is generally in force. A collection of cases supporting it may be found in 2 Cyc. 1053, and 14 Ency. Pl. & Pr. 972. The application of either of the preceding rules to the case at bar deprives the defendant of any benefit from its motion for a new trial. Sec. 3070, Stats. (1898), provides that on an appeal from a judgment this court may review any intermediate order which involves the merits and necessarily affects the judgment, appearing upon the record transmitted, whether the same be excepted to or not, and that it shall not be necessary to take any exception or settle any bill of exceptions to enable the supreme court to review any alleged error which would without a bill of exceptions appear upon the face of the record. This statute applies only to orders which are a part of the record proper without being incorporated in the bill of exceptions, and does not apply to rulings or orders of trial courts granting or refusing motions to direct a verdict. *Kirch v. Davies,* 55 Wis. 287, 298, 11 N. W. 689; *Holum v. C., M. & St. P. R. Co.* 80 Wis. 299, 303, 50 N. W. 99. Hence the appeal does not fall within the scope of this statute.

2. It is not necessary to make a motion for a new trial in order to review a ruling of the trial judge granting a motion for a directed verdict. *Plankinton v. Gorman,* 93 Wis. 560, 562, 67 N. W. 1128; *Second Nat. Bank v. Larson,* 80 Wis. 469, 472, 50 N. W. 499; *Zahn v. M. & S. R. Co.* 114 Wis. 38, 89 N. W. 889; *McGinn v. French,* 107 Wis. 54, 82 N. W. 724; *Lawless v. State,* 114 Wis. 189, 191, 89 N. W. 891. In the absence of a proper motion for a new trial, and appropriate exception to the denial of the same, an order directing a verdict will not be reviewed unless it is excepted to. This rule is affirmatively laid down in *Kirch v. Davies,* 55 Wis. 287, 298, 11 N. W. 689, and in *Holum v. C., M. & St. P. R. Co.* 80 Wis. 299, 303, 50 N. W. 99. In stating the conditions under which the court will review such an order in

the absence of a motion for a new trial, it is said, in *Second* *Nat. Bank v. Larson, supra,* in *Zahn v. M. & S. R. Co.,* *supra,* in *McGinn v. French, supra,* and in *Plankinton v.* *Gorman, supra,* that if the ruling of the court in directing a verdict is properly excepted to, and the exception is preserved in the bill of exceptions, it may be reviewed without a motion for a new trial. The case of *Kirch v. Davies, supra,* is cited and is apparently approved in *Rosenthal v. Vernon,* 79 Wis. 245, 250, 48 N. W. 485. The latter case holds that, where it appears upon the face of the verdict that it is directed, the ruling of the trial court in making the direction may be reviewed without exception, upon an appeal from the judgment, under the provisions of sec. 3070, above referred to. This case does not conflict with what is decided in the case under consideration, because the verdict does not show that it was a directed one. The court, however, in *Rosenthal v. Vernon,* seems to have overlooked the fact that the record, excluding the bill of exceptions, did not show that error was committed, and that it was only by recourse to the bill that the error could be discovered.

We conclude that the questions raised in this case cannot be considered, because they can only be reviewed on exceptions, and no exceptions were taken.

*By the Court.*—Judgment affirmed.