# Ala. Gold Life Insurance Company *v.* McCreary.

|  |  |
|---|---|
| 65 | 127 |
| 132 | 320 |

*Motion for Instructions to Sheriff, as to Application of Moneys collected under Executions.*

1. *Lien of execution ; how lost.*—When an execution is placed in the hands of a sheriff, with instructions not to sell, or not to sell until further orders, it is not in his hands for any effective legal purpose, and its lien is postponed to that of any subsequent execution creditor who establishes his lien while the older execution is thus kept dormant.

APPEAL from the Circuit Court of Conecuh.

Tried before an attorney of the court (Code, § 664), on account of the disqualification of the presiding judge.

This was a motion by the appellant, a judgment creditor of Y. M. Rabb, for instructions to the sheriff of said county, Robert J. McCreary, as to the application of certain moneys in his hands, arising from the sale of lands belonging to said Y. M. Rabb. The appellant's judgment against said Rabb was rendered at the Spring term, 1878, of said Circuit Court ; and an execution thereon was issued and placed in the sheriff's hands on the 20th April, 1878 ; which execution was levied by him on the lands of said defendant, and was in his hands when the lands were sold under the levy on the first Monday in August, 1878. G. F. Mertins had obtained a judgment against said Rabb, in October, 1873, and had an execution issued thereon, within one year, which was levied on a part of the same lands; and this execution was returned by the sheriff, " Controlled by the plaintiff," without a sale. Six other executions were issued on this judgment, levied on said lands, and returned in like manner with the first.; the last being issued after the Fall term, 1877, of said court, made returnable in proper form, and returned " Controlled by plaintiff." On the 29th April, 1878, nine days after the issue of the appellant's execution, another execution

was issued on the judgment of Mertins, placed in the hands of the sheriff, and by him levied on said lands ; and this execution was also in the hands of the sheriff when he sold the lands under the levies. On these facts, the presiding judge instructed the sheriff to apply the money to the satisfaction of Mertins' execution ; to which ruling and judgment the appellant excepted, and here assigns it as error.

OVERALL & BESTOR, with G. R. FARNHAM, for appellant, cited *Campbell v. Spence*, 4 Ala. 551 ; *Wood v. Gary*, 5 Ala. 43 ; *Albertson, Douglass & Co. v. Goldsby*, 28 Ala. 711 ; *Bliss v. Watkins*, 16 Ala. 229 ; *Burnham v. Martin*, 54 Ala. 189 ; 3 Wash. C. C. 60 ; Freeman on Executions, § 206, p. 26, and numerous authorities therein referred to.

RABB & RABB, *contra*, cited *Turner v. Lawrence*, 11 Ala. 426 ; *Doe v. Bates*, 6 Ala. 480 ; *Bagby v. Reeves*, 20 Ala. 427 ; *De Vendell v. Hamilton*, 27 Ala. 177 ; 12 Wheaton, 177 ; *Patton v. Hayter, Johnson & Co.*, 15 Ala. 23, opinion of Dargan, J.

STONE, J.—We feel constrained to reverse the ruling of the special judge in this case, on the authority of *Albertson, Douglass & Co. v. Goldsby*, 28 Ala. 711, and authorities therein cited. An execution placed in the hands of a sheriff, with instructions to levy, or with no instructions, is an authority and command to him to proceed to make the money, by levying upon and selling defendant's property, if necessary. Such delivery of execution creates a lien in favor of the plaintiff, from the date of the delivery. But an execution placed in the hands of a sheriff, with instructions, then or afterwards given, not to sell property, or not to sell until further orders, is not in his hands for any official purpose the law can sanction. The attempt to fasten and preserve a lien by such method, is a constructive fraud on creditors and subsequent purchasers, and postpones the supposed lien thereby attempted to be created, to the lien of any subsequent execution creditor, who establishes his lien while the older execution is thus kept dormant.—Freeman on Executions, section 206. The lien of the Alabama Gold Life Insurance Company is paramount to that of Mertins, and its judgment must be first paid.

Reversed and rendered.