\*Hugh Sturgeon v. J. C. F. Hull et al.

1. Reviewing Court May Consider Material Facts not Embraced in Findings of the Trial Court.

If the facts found by the trial court do not embrace all the material facts disclosed by the uncontradicted evidence furnished in the bill of exceptions, the reviewing court will determine the case from the whole record, including the facts found and additional facts warranted by the evidence.

2. The Law Relative to Enforcing Judgment by Execution Must be Strictly Followed.

Proceedings to enforce the collection of a judgment by process of execution are purely statutory, and the provisions of the statute must be substantially followed.

\*This decision, as to executors, was denied in First Nat. Bk. v. Coal Co., 5 Circ. Dec., 421.

3. LEVY ON FOREIGN EXECUTION WITHOUT FURTHER PROCEEDINGS IS NOT GOOD AGAINST A SUBSEQUENT MORTGAGEE.

Where an execution is issued to a foreign county, with instructions to the officer that when real estate is levied upon it shall be returned without further proceedings, and it is so returned after levy, and no further action had to enforce collection, a mortgage executed subsequently to the levy will have priority.

4. ALIAS EXECUTION, WITHOUT FURTHER PROCEEDING, WILL NOT PRESERVE THE JUDGMENT LIEN.

The *alias* execution provided for by sec. 5405, Rev. Stat., to be issued after levy has been made, is an execution to sell the real estate previously levied upon, and not for the purpose of again levying upon the same premises. An execution issued and again levied upon the real estate previously levied upon, and ordered to be returned without further proceedings will not have the effect to preserve the judgment lien under sec. 5380, Rev. Stat.

ERROR to the Court of Common Pleas of Crawford county.

MOORE, J.

The action out of which this proceeding in error is prosecuted, was originally brought in the probate court of Crawford county, by J. C. F. Hull, assignee in trust, for the benefit of the creditors of Michael Charleton, against the plaintiff in error and certain other defendants, to sell the real estate of Michael Charleton, the assignor, and to have adjusted the priorities of the liens existing against such real property.

The real estate described in the petition was situate, a portion in Crawford county, containing 243 acres, and a portion, containing 160 acres in Columbiana county.

Such proceedings were had in the probate court, that the judge found that he had such an interest in the matters in controversy that the case should be certified to the court of common pleas. It was, however, with the consent of all the parties, determined that before such action be had the real estate should be sold by order of the probate court, the liens upon the Columbiana county property about which no contest arose, be adjusted, and the residue of the proceeds of the sale of such lands as well as that arising out of the sale of the lands in Crawford county, remain in the hands of the assignee to abide the determination of the higher court.

The real estate was sold, the case certified to the common pleas court, and from the orders and decrees of that court this proceeding in error is now prosecuted.

The complaint made by the plaintiff in error is against the defendants, Lewis N. Mason, A. B. Charleton and the Northwestern Mutual Life Insurance Co. The court below finding upon the issues made, that the equities were with each of said defendants severally, as against the plaintiff in error.

Hugh Sturgeon, by answer and cross-petition, set out:

(1st.) A mortgage given by the assignor, Michael Charleton, to secure the payment of a note of $1,241.00, and dated August 20, 1887. It was filed for record on the 22d day of August, 1887, at 9:35 A. M. The real estate described in this mortgage was the E. ½ N. W. qr. sec. 22; also the east half of the S. W. qr. and the W. ½ of the S. E. qr. of sec. 15, all in Town 2, South R. 17, Crawford county.

(2d.) The second mortgage set out in the cross-petition of said Sturgeon was given by Michael Charleton to secure the payment of three several promissory notes aggregating $5,000, dated April 6, 1888. This mortgage was on the last two described tracts of land included in the former mortgage, and was filed for record on April 7, 1888, at 1:40 P. M.

(3d.) It is also alleged that on one of said notes, in the sum of $2,000, the plaintiff in error on March 26, 1892, recovered a judgment against Michael Charleton in the court of common pleas of Columbiana county, Ohio, and that from February 1, 1892, it exists as a subsisting lien upon the real estate situate in Columbiana county.

The defendant Lewis H. Mason, by his cross-petition, alleges:

Sturgeon v. Hull et al.

That on November 17, 1886, he recovered a judgment in the court of common pleas of Wyandot county, Ohio, against the defendants, Michael Charleton and A. B. Charleton, in the sum of $5,018.95, and costs.

That at that date he caused an execution to be issued to the sheriff of Crawford county, and on November 30, 1886, it was duly levied upon the premises of Michael Charleton described in the petition as situate in Crawford county, Ohio, and at the same time he caused an execution to be issued to the sheriff of Columbiana county, and on November 18th, duly levied upon the lands of Michael Charleton situate in Columbiana county, as described in the petition.

That afterward on November 7, 1891, the said Mason caused an *alias* execution to be issued upon said judgment to the sheriff of Crawford county, and on November 11, 1891, it was duly levied upon said real estate in Crawford county.

That in like manner and at said time an execution was issued to the sheriff of Columbiana county, and on November 9, 1891, it was levied upon the real estate in Columbiana county.

That each of these executions and levies so made under them was duly recorded in the foreign execution dockets of the counties named, respectively.

Defendant Mason, by supplemental answer and cross-petition, alleges that on March 14, 1892, Michael Charleton executed and delivered to A. B. Charleton his mortgage deed, conveying the real estate in Columbiana county, to secure a promissory note of that date for $3,000; that on March 22, 1892, at 11:30 o'clock A. M., the same was duly filed for record; that the said A. B. Charleton, for a valuable consideration, duly sold, assigned and indorsed said note and mortgage to said Mason.

To this supplemental petition Hugh Sturgeon answers: (1st.) By general denial. (2d.) That the note and mortgage were without any consideration whatever.

And by answer to the original cross-petition of Mason, the defendant, Sturgeon, puts in issue all its averments, and while the answer is very voluminous, it in effect denies any right, lien or interest of Mason in the premises by reason of his levies.

Defendant Sturgeon further charges that if the defendant Mason has any lien upon the lands of Michael Charleton, he has in like manner a lien upon certain lands of the defendant, A. B. Charleton, who was joint judgment debtor with said Michael Charleton, and having the two securities, should exhaust the one upon which he (Sturgeon) had no claim, before exhausting his (Sturgeon's) security. Other matters are set up of which we may speak further along. The affirmative matters which I have mentioned, as others, are all denied by reply.

The defendant, A. B. Charleton, alleges that he was but surety upon the note and warrant of attorney upon which the Wyandot county judgment was taken, and his property should only be subjected to its payment after that of Michael Charleton is exhausted. This is traversed by the pleadings.

The Northwestern Mutual Ins. Co. being made a party, set up by way of cross-petition a mortgage lien upon the real estate of A. B. Charleton, and has a interest only in the event the court should find that the lands of A. B. Charleton should be first subjected to the payment of the Wyandot county judgment, as asked for by the defendant, Sturgeon.

The court below found upon the execution lien claimed by Mason upon the lands in Columbiana county against Mason, and hence that matter is out of the case.

The court below made its findings of fact and conclusions of law separately, and upon them two principal questions are made in the motion for a new trial and in the petition in error:

(1st.) That the conclusions of law are not supported by the facts found, nor upon the evidence.

(2d.) That the facts found are not supported by the evidence.

The court found, and the evidence warrants the findings—

That the Wyandot county judgment was rendered in favor of Mason against Michael and A. B. Charleton on November 17, 1886, for the amount claimed in Mason's answer and cross-petition.

That on November 30, 1886, an execution was issued upon the judgment to the sheriff of Crawford county, and was levied upon the lands of Michael Charleton as also on those of A. B. Charleton.

That on November 7, 1891, an *alias* execution was issued to the sheriff of Crawford county, and levied upon the same lands.

That at the time each execution was issued, each of the Charletons had personal property as returned by them for taxation in the sum of $2,480.

That at the date of the *alias* execution, A. B. Charleton's personal property was covered by chattel mortgage for its full value.

That A. B. Charleton was surety only upon the note upon which the judgment was rendered in the Wyandot common pleas.

Other facts relating to the entry in the foreign execution docket, etc., are made, and which are not material.

In addition to the facts found by the court, the evidence shows very conclusively that no proceedings were had upon either the executions nor *alias* executions, but both were returned upon the order of Mason or his attorneys, who instructed the sheriff simply to make a levy upon the land, and return the executions without further proceedings under them.   And no further proceedings were had.

The mortgage to Sturgeon was executed and filed for record as set out in his cross-petition, to-wit:   Executed April 6, and filed for record April 7, 1888.

The court below found the priority in favor of Mason; that his judgment lien has precedence over the mortgage lien of Sturgeon.

The first question presented under this branch of the case is to determine whether the court can go beyond the finding of facts by the courts below, and as certain other additional facts not found.

The evidence in the case fully supports the facts found, and the facts found support the judgment.   The undisputed evidence, however, warrants the finding of another fact.   This raises a serious question to be disposed of in the case. And that is, as to the priority of liens between Sturgeon's mortgage and Mason's judgment upon the Crawford county land.

In the case of *Levi* v. *Daniels*, 22 O. S., 38, the court, in its opinion, says: "If this finding of the court was faulty, in being too general and comprehensive, and not responding to the specific questions of fact—on which question we need give no opinion now—it is enough to say that the plaintiff in error did not except to the finding on that account, and that he is not prejudiced thereby, as the testimony which he himself has furnished us in his bill of exceptions, gives the facts in detail, and may well be substituted for a more formal and specific finding by the court."

In the case at bar the plaintiff did except to the finding and excepted to the action of the court in failing to make further findings warranted by the evidence, and he furnishes the court with a bill of exceptions containing the undisputed evidence warranting the finding of other and material facts.

So we hold that the reviewing court can look beyond the facts found, and ascertain from the evidence such other material facts as are supported, and make such disposition of the case as is warranted by the whole record.

In addition to the facts found that I have recited, the evidence, without contradiction, is that on November 17, 1886, Mason had an execution issued upon the Wyandot county judgment to the sheriff of Crawford county, and the sheriff levied it upon the real estate in Crawford county, and without further proceedings, the writ was returned by order of Mason.

On November 7, 1891, Mason procured a second execution upon the Wyandot county judgment to the sheriff of Crawford county, and which execution was levied upon the same land as the former one, and in like manner returned by order of Mason.

Sturgeon v. Hull et al.

The question then arises, whether Mason, has by virtue of his executions and levies, a lien prior to that of Sturgeon's mortgage.

Executions and proceedings under them are purely statutory. They are of three kinds, as named in sec. 5353, Rev. Stat.:

1. Against the property of the judgment debtor, including orders of sale.
2. Against the person of the judgment debtor.
3. For the delivery of the possession of real property, etc.

Section 5380, provides in its concluding part, that if five years intervene between the date of the last execution issued on such judgment, and the time of suing out another executon thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor.

Therefore it would appear, that seizure by execution would continue the lien created until the judgment becomes dormant.

The statute, however, provides what the officer must do when levy is made. That is, he must have the real estate appraised; and such appraisement must be returned forthwith to the clerk of court from which the writ issued. It is then the duty of the officer to advertise the premises for sale. After the premises are offered for sale, the officer is required to make due return of the writ with all his proceedings thereon.

If the execution is. returned and property not sold, sec. 5405 provides: "Other executions may be issued to sell the same."

It appears: First—That if the provisions of the statute are interfered with, and the officer is controlled by the creditor, no further action can be had under the levy. An execution is placed in the hands of an officer to enforce the execution of a judgment, and not merely to secure a lien. The statute directs what the officer shall do. If the creditor waives his right to proceed under the statute, he cannot then claim a priority over subsequent mortgagees. In other words, he cannot use the execution laws to create a mortgage lien.

Second—The statute provides, as we have seen, for the execution and levy. If this execution is returned, and property not sold, an *alias* execution issues. The *alias* execution is not to have a levy made—not to have a seizure of property to satisfy the judgment. The levy was made and seizure had under the first execution; but the *alias* execution issues to sell the property already seized.

Section 5405, Rev. Stat., provides: "If lands and tenements levied on, or ordered to be sold, be not sold upon one execution, other executions may be issued to sell the same."

If the lands were levied upon under the first execution, and the right to the creditor existed to control the execution and have it at once returned upon his order, then the only *alias* execution that the statute authorizes is one to sell the property already seized. The first levy must be exhausted before another execution of that kind can issue. If the first levy is insufficient, then in addition to the order of sale, the officer may be directed to make further levy. This, however, does not apply to the case at bar.

The Supreme Court of Alabama, in *Ins. Co.* v. *McCreary*, 65 Ala., 127, held: "When an execution is placed in the hands of a sheriff with instructions not to sell until further orders, it is not in his hands for any effective purpose, and its lien is postponed to that of any subsequent execution creditor, while the older execution is thus kept dormant."

"The attempt to fasten and preserve a lien by such method is a constructive fraud on creditors and subsequent puchasers, and postponed the supposed lien thereby attempted to be created, to the lien of any subsequent execution creditor, who established his lien while the older execution is kept dormant."

The views entertained are fully recognized in Freeman on Judgments, 206.

It follows from what we have said, that the judgment below, in so far as it adjudges the judgment lien of Mason prior to the mortgage lien of Sturgeon upon the Crawford county land, must be reversed, and the court rendering the judgment the court below should have rendered, ad'udges that the mortgage lien of

Sturgeon be paid from the proceeds of the sale of the Crawford county land prior to that of the judgment of Mason. And as to all other matters, the judgment of the court below is affirmed and cause be remanded to the court of common pleas for execution.

*Sears, Finley & Bennett*, for plaintiff in error.

*Cahill & Cahill*, for defendant, Mason.

*S. A. Harris*, for defendant, A. B. Charleton.