## Western Union Cold Storage Co. v. Robert Rose.

## James Pease, Sheriff, v. Otto Diedrich.

1. EXECUTIONS—*Their Proper Use.*—The only proper use of an execution is to enforce the collection of the judgment upon which it is based, and to enforce this collection with considerable diligence.

2. SAME—*The Lien may be Avoided.*—An execution and its lien may be avoided by such conduct on the part of the plaintiff therein as shows a legally improper use of the writ, though the motives influencing such

conduct were not actually fraudulent, but grounded in kindness and charity to the defendant, and free from any intent to injure others.

3. Same—*When the Lien does not Attach.*—A delivery of an execution to an officer with a manifest intent not to have him make a levy, is equivalent to no delivery and creates no lien.

4. Same—*How the Lien is Lost.*—The law gives to an execution upon its delivery to an officer a lien, because the law imposes upon the officer the duty of executing the writ without delay. If, therefore, the plaintiff in the execution relieves the officer from such duty, the lien of the execution, as against junior liens, is lost.

**Motion for a Rule on the Sheriff** to pay over certain funds, etc. Appeal from the Circuit Court of Cook County; the Hon. John Gibbons, Judge, presiding. Heard in this court at the October term, 1895. Reversed. Opinion filed November 18, 1895.

## Statement of the Case.

On the 5th day of April, A. D. 1895, Otto Diedrich obtained, before George W. Underwood, a justice of the peace of Cook county, judgment against Robert Rose for $133.22 damages and $3.80 costs. Diedrich took out execution, and placed it in the hands of D. W. Shea, a constable, on the same day; on the same day Shea made a demand on Rose, and on the 11th day of April, 1895, Rose paid $25 on the execution, and April 22, 1895, paid $25 more, which sums were indorsed on the execution, the amount collected being paid to Diedrich's attorney. On the 25th day of April, 1895, the Western Union Cold Storage Company procured, in the Circuit Court of Cook County, a judgment against Robert Rose for the sum of $1,264, and placed an execution issued thereon in the hands of appellant, who made an immediate levy upon the goods and chattels of Robert Rose, in his place of business on 131 West Randolph street; appellant sold the said goods and realized from the sale $460; the costs of levy and sale being about $125, much less than the amount of the Western Union Cold Storage Company's execution, was left in the hands of the sheriff to apply thereon.

The petition of Diedrich, filed in the court below, shows that on the 26th day of April, 1895, being the first day after the expiration of the time allowed for an appeal from the judgment he had obtained before the justice of the peace,

Shea went to the place of business of Rose, to collect the execution or make a levy.

Shea testifies that on the 27th day of April he made a demand on Deputy Sheriff Lee, to pay the balance due on the Diedrich execution, or to turn over goods sufficient to satisfy the same; that Diedrich told Shea that he did not want to break Rose up in business, and would be satisfied to take one-half of the judgment or a little less; that Diedrich expected the payment of one-half to be made on the day that the execution was delivered, and that Mr. Wilcox, Diedrich's attorney, told him, Shea, to use his own judgment in regard to making a levy. That he also made a demand on Chief Deputy Peters for money or goods to satisfy the execution in his hands.

The execution in evidence shows the collections made by the constable, but does not show that a levy was made.

Diedrich filed, in the Circuit Court, a petition that the sheriff be ordered to pay to him enough of the funds remaining in his hands, as the proceeds of the sale upon execution of the goods of said Robert Rose, to satisfy the execution in the hands of said Shea, the constable; thereupon, the foregoing being made to appear, the court ordered that the said James Pease, sheriff, pay to the said Otto Diedrich the sum of $90.87 out of the funds realized by him, said sheriff, from a sale in the above entitled cause, claimed by the said Otto Diedrich under priority of execution issued out of the justice court of George W. Underwood on the 5th day of April, 1895.

MASTERSON & HAFT, attorneys for appellants, contended that if an execution is taken out with the intent of binding said defendant's property, and with no intent of making an immediate levy or sale, the priority is waived, and a subsequently delivered execution will take precedence. Davidson v. Waldron, 31 Ill. 121; Corliss v. Stanbridge, 5 Rawle 286; Freeberger's Appl., 40 Pa. St. 244; Wier v. Hale, 3 W. & S. 285; Smith's Appeal, 2 Pa. St. 281; Price v. Shipps, 16 Barb. 585; Kiel v. Larkin, 72 Ala. 493; Freeman on Executions 206.

The lien of the execution is designed to assist the plaintiff while he is seeking to enforce his writ, but if at any time he is shown not to be seeking such enforcement, then during such time he is without execution lien and liable to lose benefit of his writ by the operation of a junior writ. Where, by the direction of the plaintiff, or agreement between the plaintiff and defendant not to levy, whether such direction be permanent or only intended to operate until further orders are given, then according to the preponderance of of the authorities the lien and also the execution becomes dormant. Ross v. Webber, 26 Ill. 221; Cook v. Wood, 1 Har. & J. 254; Gilmore v. Davis, 84 Ill. 489; Everingham v. Nat. City Bank of Ottawa, 124 Ill. 527; Herron v. Gill, 112 Ill. 247.

To constitute a valid levy, the officer must do some act that would make him a trespasser, if it were not for the protection afforded him by the writ. Persels v. McConnell, 16 Brad. 526; Minor v. Herriford, 25 Ill. 344; Davidson v. Waldron, 31 Ill. 121; Logsdon v. Spivey, 54 Ill. 104; Freeman on Executions, 260, and cases.

If no levy is made there is no lien. The defendant's goods are entirely unaffected. Payne v. Drewe, 4 East 522; Hogan v. Lucas, 10 Pet. 400; Commonwealth v. Stratton, 7 J. J. Marsh. 212; Millen v. Commonwealth, 1 B. Mon. 310; Jones v. Judkins, 4 Dev. & B. 454; Field v. Milburn, 9 Mo. 488; Wylie v. Hyde, 13 Johns. 249; Becker v. Torrence, 31 N. Y. 641; Buck v. Colbeth, 3 Wall. 341; Taylor v. Carryl, 20 How. 538; Freeman v. Howe, 24 Id. 460; Norton v. McCall, 66 N. C. 162; Ladd v. Adams, Id. 164; Buckhurst v. Clinkard, 1 Show. 174; Munson v. Harroun, 34 Ill. 423; Corbin v. Pearce, 81 Id. 463; Freeman on Executions, 195.

BRECKENRIDGE & RICH, attorneys for appellees; FRED. L. BROOKS, of counsel.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The only proper use of an execution is to enforce the col-

lection of the judgment upon which it is based, and to enforce this collection with considerable diligence.

An execution and its lien may be avoided by such conduct on the part of the plaintiff therein as shows legally improper use of the writ, though the motives influencing such conduct were not actually fraudulent, but grounded in kindness and charity to the defendant, and free from any intent to injure others.

A delivery of a writ to an officer with a manifest intent not to have him make a levy, is equivalent to no delivery and creates no lien.

The law gives to an execution upon its delivery to an officer a lien, because the law imposes upon the officer the duty of executing the writ without delay. If, therefore, the plaintiff in the execution relieves the officer from such duty, the lien of the execution, as against junior liens, is lost. Freeman on Executions, Sec. 206; Sweetser v. Matson, 153 Ill. 568–582; Smith v. Erwin, 77 N. Y. 466; Gilmore v. Davis, 84 Ill. 589; Ala. Gold L. Ins. Co. v. McCreary, 65 Ala. 127.

It is true that in the present case the direction to the constable was only to use his discretion as to making a levy, and that he might, consistently with his orders, have levied upon the goods of the defendant, but he could also, in entire consistency with his instructions, have refrained from making a levy, and this he did. In other words, the plaintiff relieved the officer from the absolute duty to levy, making it a matter of discretion; in pursuance of which discretion no levy or attempt to levy was made until after the delivery of a junior execution to another officer. By such direction on the part of the plaintiff, Diedrich, and such conduct on the part of his. officer, Shea, the lien of his execution was lost as against that of the writ thereafter issued and executed by the sheriff.

The order of the Circuit Court is therefore reversed.